**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **NAKISHA J. LEWIS,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | **No. 26-5545** |
| **v.** | : | |
| **DETECTIVE RALPH D. LEWIS, et al.,** | : | |
| **Defendants** | : | |

**ORDER**

AND NOW, this _________ day of __________________, 2026, upon consideration of Defendant City of Philadelphia's Motion to Dismiss, it is **HEREBY ORDERED** that the Motion is **GRANTED** and that the Complaint is **DISMISSED** as to Defendants City of Philadelphia and Philadelphia Police Department.

BY THE COURT:

______________________________
, J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **NAKISHA J. LEWIS,** | : | |
| **Plaintiff,** | : | **CIVIL ACTION** **No. 26-5545** |
| **v.** | : | |
| **DETECTIVE RALPH D. LEWIS, et al.,** | : | |
| **Defendants** | : | |

**DEFENDANT CITY OF PHILADELPHIA'S**
**MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Defendant the City of Philadelphia, also moving on behalf of its internal department, the Philadelphia Police Department, hereby moves to dismiss the Complaint against it for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). In support of this motion, Defendant incorporates the attached Memorandum of Law. Defendant respectfully requests this Court dismiss the claims asserted against them in accordance with the attached proposed order or grant such other relief it deems just.[1]

This motion is exempt from the Court's meet and confer requirement because Plaintiff proceeds pro se. See J. Kearney Policies & Procedures, at 7.

---

[1] The City apparently files this motion late due to an administrative oversight concerning receipt and internal assignment of the motion. To the extent the filing of this motion in the absence of a default does not automatically moot the issue of timeliness, the City respectfully requests, nunc pro tunc, the Court to extend the City's time to respond and accept the instant motion. The City's arguments are meritorious and Plaintiff suffers no prejudice, at least in light of the separately filed motions allowing the City's co-defendants to respond 9 days from the instant filing on September 18.

Date: September 9, 2026

Respectfully submitted,

/s/ Andrew F. Pomager

Andrew F. Pomager
Div. Deputy City Solicitor
Pa. Attorney ID No. 324618
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5446 (phone)
215-683-5397 (fax)
andrew.pomager@phila.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **NAKISHA J. LEWIS,** | : | |
| **Plaintiff,** | : | **CIVIL ACTION** **No. 26-5545** |
| **v.** | : | |
| **DETECTIVE RALPH D. LEWIS, et al.,** | : | |
| **Defendants** | : | |

**MEMORANDUM IN SUPPORT OF DEFENDANT CITY OF PHILADELPHIA'S MOTION TO DISMISS THE FOR FAILURE TO STATE A CLAIM**

The Court should dismiss the Complaint against Defendant City of Philadelphia and the Philadelphia Police Department because Plaintiff Nakisha J. Lewis has failed to state a claim against the City of Philadelphia.

## I. BACKGROUND

Plaintiff Nakisha J. Lewis contends that on March 27, 2023, Defendant Ralph D. Lewis, her husband at the time, filed a police report resulting in her being charged with theft of a vehicle disputed in their divorce proceedings. See Compl. ¶¶ 6–8 (ECF 1). Ralph was employed by the Philadelphia County District Attorney's Office and a *former* Philadelphia Police Officer. Id. at ¶ 2. Nakisha was acquitted of the charges in October 2024. Id. at ¶ 8.

Plaintiff sues Defendants Ralph D. Lewis, the City of Philadelphia, the Philadelphia Police Department, and the Philadelphia District Attorney's Office (DAO). See generally id. She contends little about the City of Philadelphia's role, except that it is a "legal entity responsible for the actions of its employees." Id. at ¶ 3.

Plaintiff asserts claims of (1) unspecified violations her rights under the Fourth and Fourteenth Amendments, (2) "abuse of power by persons acting under color of state law," (3)

"civil conspiracy/collusion to deprive Plaintiff of her civil rights;" (4) malicious prosecution, and (5) intentional infliction of emotional distress.

## II. ARGUMENT

A plaintiff cannot survive a motion to dismiss under Rule 12(b)(6) without stating a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Under this standard, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Put differently, while a court should accept the truth of a complaint's factual allegations, it should not credit a plaintiff's "bald assertions" or "legal conclusions." Anspach v. City of Philadelphia, 503 F.3d 256, 260 (3d Cir. 2007). "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Id. (quotation marks omitted).

### A. The Court Should Dismiss the Philadelphia Police Department Because Departments of Municipalities Are Not Suable Entities

Departments of the City of Philadelphia do not have a separate corporate existence and are not properly named as parties to a suit. 53 Pa. Stat. § 16527. As a matter of law, and pursuant to § 16527, the PPD is not a legal entity that can be sued, and dismissal of the PPD as a defendant is appropriate. Regalbuto v. City of Philadelphia, 937 F. Supp. 374, 377 (E.D. Pa. 1995) (citing Philadelphia v. Glim, 149 Pa. Commw. 491, 613 A.2d 613 (1992)). Because Plaintiff here has attempted to bring suit against the PPD, dismissal of this Defendant is appropriate.

### B. The City is Statutorily Immune from Plaintiff's State-Based Claims

The Pennsylvania Tort Claims Act provides "[e]xcept as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person

or property caused by any act of the local agency or an employee thereof or any other person." 42 Pa. Cons. Stat. Ann. § 8541. The tort immunity of a local agency, including the City of Philadelphia, "is a non-waivable, absolute defense." McShea v. City of Philadelphia, 606 Pa. 88, 99 (2010). However, section 8542 of the Act provides nine enumerated exceptions to this governmental immunity. § 8542 (excepting from immunity negligent conduct not relevant here, such as motor vehicle operation or premises liability).

"A claimant seeking to impose liability on a local agency has the burden of establishing (1) that a common-law or statutory cause of action exists against the local agency or its employee acting within the scope of his employment, and (2) that the negligent act falls within one of the eight exceptions to sovereign immunity enumerated in subsection 8542(b) of the Judicial Code." City of Philadelphia v. Glim, 613 A.2d 613, 616 (1992) (predating a ninth exception not relevant here). Exceptions to governmental immunity "are strictly construed and narrowly interpreted." Weaver v. Franklin Cnty., 918 A.2d 194, 200 (Pa. Commw. 2007); see also Lakits v. York, 258 F. Supp. 2d 401, 405–06 (E.D. Pa. 2003) (intentional torts and negligence claims not falling within enumerated exceptions could not be brought against municipality).

By its plain language, and as supported by Glim and Lakits, the City cannot be liable under state law for tortious conduct, including "abuse of power" (inasmuch as this is a cognizable claim), civil conspiracy/collusion, malicious prosecution (to the extent construed as a state law claim), and intentional infliction of emotional distress.

### C. The City Cannot be Liable Under Section 1983 for Plaintiff's Federal Claims by Way of Respondeat Superior

A municipality cannot be held liable under § 1983 for its employees' constitutional torts by way of respondeat superior. McGreevy v. Stroup, 413 F.3d 359, 367 (3d Cir. 2005); DiMaggio v. O'Brien, 497 F. Supp. 870, 875 (E.D. Pa. 1980). Plaintiff's assertion of claims

arising from the Fourth or Fourteenth Amendment, including, presumably, a federal malicious prosecution claim, should be dismissed because she only asserts liability for the City as "the entity responsible for the action of its employees." Plaintiff asserts no conduct that could give rise to municipal liability of the City.

Additionally, Plaintiff has alleged Defendant Lewis is employed by the DAO, not the City of Philadelphia. To the extent any entity is "the entity responsible for the actions of" Defendant Lewis, that entity is the DAO, not the City. The Court need not reach this issue however because any theory of liability against the City is not adequately pled.

## III. CONCLUSION

For all the foregoing reasons, the Court should dismiss Plaintiff's complaint against Defendants the City of Philadelphia and Philadelphia Police Department.

Date: September 9, 2026

Respectfully submitted,

/s/ Andrew F. Pomager

Andrew F. Pomager
Div. Deputy City Solicitor
Pa. Attorney ID No. 324618
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5446 (phone)
215-683-5397 (fax)
andrew.pomager@phila.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **NAKISHA J. LEWIS,** | : | |
| **Plaintiff,** | : | **CIVIL ACTION** **No. 26-5545** |
| **v.** | : | |
| **DETECTIVE RALPH D. LEWIS, et al.,** | : | |
| **Defendants** | : | |

**CERTIFICATE OF SERVICE**

I hereby certify that on the date below Defendants City of Philadelphia's Motion to Dismiss for Failure to State a Claim was filed via the Court's electronic filing system and is available for downloading.

Date: September 9, 2026

Respectfully submitted,

/s/ Andrew F. Pomager
Andrew F. Pomager
Div. Deputy City Solicitor
Pa. Attorney ID No. 324618
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5446 (phone)
215-683-5397 (fax)
andrew.pomager@phila.gov