# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**NAKISHA J. LEWIS,**
**Plaintiff,**
**v.**
**DETECTIVE RALPH D. LEWIS, individually and in his official capacity; CITY OF PHILADELPHIA; PHILADELPHIA POLICE DEPARTMENT; and PHILADELPHIA DISTRICT ATTORNEY'S OFFICE,**
**Defendants.**
**Civil Action No. _2;26-cv-05545 MAK_________**

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS CITY OF PHILADELPHIA AND PHILADELPHIA POLICE DEPARTMENT'S MOTION TO DISMISS

**Plaintiff, Nakisha J. Lewis, proceeding pro se, respectfully submits this Response in Opposition to Defendants City of Philadelphia and Philadelphia Police Department's Motion to Dismiss and states as follows:**

**I. PLAINTIFF ALLEGES PLAUSIBLE FEDERAL CONSTITUTIONAL CLAIMS**

1. **Plaintiff's Complaint alleges violations of her constitutional rights arising from her arrest and prosecution concerning a 1967 Ford Mustang that was the subject of an existing marital-property dispute between Plaintiff and Defendant Detective Ralph D. Lewis. Plaintiff alleges that she provided City personnel with information and documentation concerning her legal marital status, Family Court proceedings, and a 2019 property agreement concerning the parties' property rights. Plaintiff further alleges that this information was disregarded despite being material to determining whether the dispute constituted criminal theft rather than a civil or marital-property dispute.**

**See *Monell v. Department of Social Services*, 436 U.S. 658, 690–94 (1978); *City of Canton v. Harris*, 489 U.S. 378, 388–89 (1989); *Estate of Roman v. City of Newark*, 914 F.3d 789, 798–800 (3d Cir. 2019).**

2. **Plaintiff further alleges that she repeatedly provided written and oral notice concerning the civil and marital nature of the property dispute and sent certified correspondence to the City of Philadelphia concerning the matter. Plaintiff contends that these allegations**

**demonstrate actual notice to municipal personnel and are factual allegations—not merely legal conclusions—that must be considered under the Rule 12(b)(6) standard.**

**See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).**

3. **Plaintiff was acquitted of the criminal charges in October 2024. Her acquittal constitutes a favorable termination for purposes of her Fourth Amendment malicious-prosecution claim. The Supreme Court has held that a plaintiff asserting such a claim need only demonstrate that the criminal prosecution ended without a conviction.**

***Thompson v. Clark*, 596 U.S. 36, 39, 49 (2022). See also *Heck v. Humphrey*, 512 U.S. 477, 484–87 (1994); *McDonough v. Smith*, 588 U.S. 109, 117–21 (2019).**

## II. STANDARD OF REVIEW

4. **In deciding a motion under Federal Rule of Civil Procedure 12(b)(6), the Court accepts well-pleaded factual allegations as true and draws reasonable inferences in Plaintiff's favor.**

***Iqbal*, 556 U.S. at 678–79; *Twombly*, 550 U.S. at 555–56; *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009).**

**Plaintiff recognizes that legal conclusions and formulaic recitations of elements are insufficient. She respectfully submits, however, that her allegations concerning the Family Court proceedings, property agreement, notice provided to governmental personnel, allegedly disregarded documentation, relationships between Defendant Lewis and personnel involved in the investigation, arrest, prosecution, and ultimate acquittal provide factual allegations from which reasonable inferences may be drawn.**

## III. PLAINTIFF'S MONELL CLAIM IS NOT BASED UPON RESPONDEAT SUPERIOR

5. **Plaintiff acknowledges that the City cannot be held liable under 42 U.S.C. § 1983 merely because it employed an individual who allegedly violated Plaintiff's constitutional rights. *Monell*, 436 U.S. at 691–94.**

**Plaintiff instead seeks to establish municipal liability based upon an unconstitutional municipal policy or custom, deliberate indifference in training or supervision where legally applicable, and/or knowing acquiescence or ratification by an official possessing the requisite policymaking authority.**

**See *Monell*, 436 U.S. at 694; *City of Canton*, 489 U.S. at 388–90; *McTernan v. City of York*, 564 F.3d 636, 657–58 (3d Cir. 2009); *Estate of Roman*, 914 F.3d at 798–800.**

6. **In support of that claim, Plaintiff alleges, among other things:**

   **• repeated written and oral notifications to governmental personnel concerning the civil and marital nature of the property dispute;**

   **• certified written notice to the City;**

   **• notice of the existence and substance of the parties' 2019 property agreement and relevant Family Court proceedings;**

   **• alleged disregard of documentation material to ownership and possession of the Mustang;**

   **• Defendant Lewis's approximately twenty-eight years of service with the Philadelphia Police Department before transferring to the Philadelphia District Attorney's Office; and**

   **• professional and personal relationships between Defendant Lewis and certain personnel involved in the investigation and prosecution, which Plaintiff alleges affected the impartial handling of her case.**

7. **Plaintiff does not ask the Court at the pleading stage to find these allegations proven. Rather, Plaintiff respectfully asks the Court to accept her well-pleaded factual allegations as true and determine whether they plausibly support relief or, alternatively, permit Plaintiff to amend any deficient Monell allegations.**

**Plaintiff recognizes that *McTernan* requires sufficient factual allegations identifying the challenged policy or custom and its causal relationship to the alleged constitutional injury. 564 F.3d at 658.**

**The Supreme Court has also held that federal courts may not impose a special heightened pleading standard upon § 1983 municipal-liability claims beyond the requirements imposed by the Federal Rules of Civil Procedure. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168–69 (1993).**

8. **Accordingly, if this Court determines that Plaintiff has not presently alleged the City's policy, custom, failure to train or supervise, deliberate indifference, policymaker involvement, or causal connection with sufficient factual specificity, Plaintiff respectfully requests leave to amend.**

**Plaintiff can supplement her allegations with additional facts concerning, among other things, the names or titles of officials notified; dates and methods of notification; documentation supplied; substance and timeline of communications; investigative decisions made after receipt of the documentation; identities and roles of involved personnel; and relationships between investigative personnel and Defendant Lewis to the extent known to Plaintiff.**

**See *Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008); *Shane v. Fauver*, 213 F.3d 113, 115–17 (3d Cir. 2000).**

**IV. THE PHILADELPHIA POLICE DEPARTMENT IS NOT A SEPARATE SUABLE ENTITY**

9. **Plaintiff acknowledges the authority establishing that the Philadelphia Police Department is not a separate suable entity for purposes of Plaintiff's § 1983 claims.**

**See *Mikhaeil v. Santos*, 646 F. App'x 158, 163 (3d Cir. 2016); *Young v. Philadelphia Police Department*, No. 19-5340, 2020 WL 398963, at *2 (E.D. Pa. Jan. 23, 2020).**

10. **Plaintiff therefore does not oppose dismissal of the Philadelphia Police Department as a separate Defendant, provided that the allegations concerning Police Department personnel, policies, customs, training, supervision, and practices are construed, where legally appropriate, as allegations supporting Plaintiff's claims against the City of Philadelphia.**

**Alternatively, Plaintiff respectfully requests leave to amend the caption and Complaint to clarify those allegations.**

**V. PENNSYLVANIA GOVERNMENTAL IMMUNITY DOES NOT BAR PLAINTIFF'S FEDERAL § 1983 CLAIMS**

11. **Plaintiff acknowledges that 42 Pa. Cons. Stat. § 8541 may provide immunity to local agencies from certain Pennsylvania state-law tort claims.**

    **Plaintiff's principal constitutional causes of action, however, arise under 42 U.S.C. § 1983 and federal law. Pennsylvania governmental-immunity principles do not provide the City with qualified immunity from federal § 1983 municipal liability.**

**See *Owen v. City of Independence*, 445 U.S. 622, 638, 650, 657 (1980).**

12. **To the extent the Court determines that governmental immunity bars any particular Pennsylvania state-law cause of action, Plaintiff respectfully requests that the ruling be**

**limited to the affected state-law claim and not serve as a basis for dismissal of independently viable federal constitutional claims.**

## VI. FAVORABLE TERMINATION AND ACCRUAL OF PLAINTIFF'S MALICIOUS-PROSECUTION CLAIM

**13. Plaintiff was acquitted in October 2024. Plaintiff respectfully submits that her Fourth Amendment malicious-prosecution claim became complete upon favorable termination of the underlying criminal proceedings.**

**See *Thompson*, 596 U.S. at 44–49; *Heck*, 512 U.S. at 484–87; *McDonough*, 588 U.S. at 117–21.**

**Plaintiff does not contend that every constitutional claim arising from the events necessarily shares the same accrual date. Plaintiff respectfully requests that the timeliness of each federal cause of action be analyzed under the accrual rule applicable to that particular constitutional claim.**

**14. Plaintiff further alleges that she provided written and certified notice to the City and repeatedly notified involved governmental personnel concerning the civil and marital nature of the underlying property dispute.**

**To the extent the legal significance or timing of such notice is disputed, Plaintiff respectfully submits that the Court should distinguish those notice questions from the separate federal accrual rules governing Plaintiff's § 1983 causes of action.**

## VII. DISCOVERY MAY DEVELOP EVIDENCE SUPPORTING PLAINTIFF'S MUNICIPAL-LIABILITY CLAIM

**15. Plaintiff recognizes that discovery cannot substitute for the requirement to plead a plausible claim. Plaintiff nevertheless submits that, once a plausible claim has been pleaded, discovery may develop evidence uniquely or primarily within Defendants' possession concerning internal policies, training and supervision, communications, investigative files, decision-making, and the involvement of municipal personnel.**

**The Supreme Court has rejected application of a special heightened pleading standard to § 1983 municipal-liability claims, recognizing that the ordinary Federal Rules govern pleading and that later procedures, including discovery and summary judgment, serve separate functions in evaluating the evidentiary merits of such claims.**

***Leatherman*, 507 U.S. at 168–69.**

**VIII. PLAINTIFF RESPECTFULLY REQUESTS LEAVE TO AMEND ANY CURABLE DEFICIENCY**

16. **If this Court determines that Plaintiff has inadequately pleaded any potentially viable federal claim, Plaintiff respectfully requests an opportunity to amend before dismissal with prejudice.**

**Federal Rule of Civil Procedure 15(a)(2) provides that courts "should freely give leave when justice so requires."**

**The Third Circuit has instructed that where a complaint is vulnerable to dismissal under Rule 12(b)(6), leave to amend generally should be permitted unless amendment would be inequitable or futile. *Phillips*, 515 F.3d at 245; *Grayson v. Mayview State Hospital*, 293 F.3d 103, 108 (3d Cir. 2002); see also *Shane*, 213 F.3d at 115–17.**

**The Supreme Court likewise explained in *Foman v. Davis*, 371 U.S. 178, 182 (1962), that outright refusal to permit amendment without a justifying reason is inconsistent with the spirit of the Federal Rules.**

17. **Plaintiff is proceeding pro se and respectfully seeks the opportunity to cure any deficiency identified by this Court by providing additional factual allegations concerning notice, documentation, municipal personnel, investigative conduct, policymaker involvement, municipal practices, training or supervision where applicable, causation, and the circumstances surrounding Plaintiff's arrest and prosecution.**

**Plaintiff respectfully asks that a potentially curable pleading deficiency not result in dismissal with prejudice where additional facts can be pleaded in good faith.**

**IX. CONCLUSION AND RELIEF REQUESTED**

**WHEREFORE, Plaintiff, Nakisha J. Lewis, respectfully requests that this Honorable Court:**

**A. DENY Defendants' Motion to Dismiss as to Plaintiff's adequately pleaded federal constitutional claims;**

**B. Dismiss the Philadelphia Police Department only as a separate juridical Defendant, without prejudicing Plaintiff's claims against the City of Philadelphia;**

**C. Permit any adequately pleaded federal claims to proceed;**

**D. In the alternative, if the Court determines that Plaintiff has failed to plead sufficient facts concerning municipal liability or any other potentially curable federal claim, grant Plaintiff leave**

**to file an Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2), rather than dismissing such claims with prejudice;**

**E. Permit Plaintiff, following amendment if required, to proceed to discovery on any claims that survive Rule 12(b)(6); and**

**F. Grant such other and further relief as this Honorable Court deems just and appropriate.**

**Respectfully submitted,**

*Nakisha J. Lewis*

**Nakisha J. Lewis**

**Plaintiff, Pro Se**

**Date: 9/9/2026**