**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **Nakisha J. Lewis** | : | |
| Plaintiff, | : | **Civil Action** |
| **vs.** | : | **No. 2:26-cv-5545** |
| **DETECTIVE Ralph D. Lewis, et al.,** | : | |
| Defendants. | : | |

**DAO DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Defendant the Philadelphia District Attorney's Office ("DAO") hereby moves to dismiss the Complaint against it for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). In support of this motion, Defendant incorporates the attached Memorandum of Law. Defendant respectfully requests this Court dismiss the claims asserted against them in accordance with the attached proposed order or grant other such relief it deems just.

Date: September 19, 2026

Respectfully submitted,

*/s/ Armand J. Avila*

Armand J. Avila
Assistant District Attorney
Civil Litigation Unit
Philadelphia District Attorney's Office
Three South Penn Square
Philadelphia, PA 19107
armand.avila@phila.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| | : | |
| **Nakisha J. Lewis** | : | |
| Plaintiff, | : | **Civil Action** |
| | : | |
| **vs.** | : | **No. 2:26-cv-5545** |
| | : | |
| **DETECTIVE Ralph D. Lewis, et al.,** | : | |
| Defendants. | : | |
| | : | |

**MEMORANDUM IN SUPPORT OF DEFENDANT DISTRICT ATTORNEY'S OFFICE MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Defendant Philadelphia District Attorney's Office (DAO), by and through undersigned counsel, submits this memorandum of law in support of their motion to dismiss the Plaintiff Nakisha J. Lewis' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), as she failed to state a claim for which relief can be granted. For the reasons that follow, she fails to plead any factual allegations that raise a cognizable claim for relief against the DAO.

## I. BACKGROUND[1]

Plaintiff Nakisha J. Lewis alleges that on March 27, 2023, the Philadelphia District Attorney's Office signed off on a referral authorizing criminal charges against Plaintiff as a result of a

[1] The facts set forth herein are derived from Plaintiffs' Complaint and public records, which this Court may consider in deciding the instant motion. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) ("In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaints, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents."). Courts have defined public records

police report filed by her then-husband, Defendant Ralph Lewis, accusing her of stealing his 1967 Mustang. Compl. ¶6 (ECF 1). At the relevant times, Ralph Lewis was a detective for the Philadelphia DAO. The referral led to Plaintiff being arrested and charged with the theft of the vehicle, although in October 2024 she was acquitted of all charges and her record was later expunged. *Id.* at ¶7-8.

Plaintiff has now filed suit against defendants Ralph Lewis, the City of Philadelphia, the Philadelphia Police Department, and the Philadelphia DAO. *See generally* Compl.

## II. STANDARD OF REVIEW

The legal standard for a Rule 12(b)(6) motion is well established. Under that rule, the court must dismiss an action on a motion made before a responsive pleading is filed when the complaint "fails to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). To plead a viable cause of action, the allegations contained in a complaint must do more than put forward a "speculative" or "conceivable" claim; rather, they must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (discussing Fed.R.Civ.P. 8(a)(2)'s pleading requirements when attacked by a Rule 12(b)(6) motion). The court must disregard both "legal conclusions" and "conclusory statements" and must scrutinize the well-pleaded factual allegations to ensure that they are more than "merely consistent with a defendant's liability. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal marks omitted); *see also Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (disregarding "bald assertions" and "legal conclusions" in evaluating a motion to dismiss).

Rather than merely alleging a plaintiff's entitlement to relief, a complaint must show such entitlement through well-pleaded factual allegations. *See Fowler v. UPMC Shadyside*, 578 F.3d

---

to include judicial opinions and criminal case dispositions. *See Logan v. Bd. of Educ. Sch. Dist. of Pittsburgh*, 742 F. App'x 628, 633 (3d Cir. 2018) (citation omitted).

203, 210-11 (3d Cir. 2009) (*citing Phillips v. County of Allegheny*, 515 F.3d 224, 234-35 (3d Cir. 2008)). "A plaintiff's obligation to provide the grounds of [its] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

## III. **ARGUMENT**

At the outset, the DAO struggles to respond to the complaint because Plaintiff does not specify what laws her claims arise from. The DAO must infer without certainty that she is raising federal § 1983 claims for (1) violations of her rights under the Fourth and Fourteenth Amendments, (2) abuse of power by persons acting under color of state law, (3) civil conspiracy and collusion to deprive her of her civil rights, (4) malicious prosecution, and (5) intentional infliction of emotional distress. *Id.* at ¶9.

Plaintiff's claims should be dismissed for several reasons. First, Plaintiff's Complaint is facially deficient and fails to conform with the minimum pleading requirements of Federal Rule of Civil Procedure 8(a). The Complaint asserts no factual allegations of conduct by the DAO that would state any claim for relief for, nor does it identify what statutes form the ground upon which her claims are based. Second, the District Attorney's Office is not an entity that can be sued for the purposes of Section 1983 liability. Third, Plaintiff has failed to state a claim for prosecutorial misconduct or conspiracy to deprive her of her civil rights. Fourth, absolute prosecutorial immunity also shields all the DA defendants from liability for the alleged unconstitutional acts and deprivations complained of because they occurred during the performance of core prosecutorial functions. Finally, the DAO is immune from her state tort claims under the Pennsylvania Tort Claims Act.

### A. Plaintiff's Complaint fails to conform to the minimal pleading requirements of Federal Rule of Civil Procedure 8(a).

At the outset, Plaintiff's Complaint fails to comply with the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. A plaintiff's complaint must conform to the pleading requirements set forth in Rule 8 of the Federal Rules of Civil Procedure. *Harkin v. United Brotherhood of Carpenters*, No. 98 Civ. 1778(CSH), 1998 WL 175932, at *2 (S.D.N.Y. April 14, 1998). Specifically, Rule 8(a)(2) provides in pertinent part, "[a] pleading which sets forth a claim for relief . . . shall contain a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must provide a defendant with "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Krouse v. American Sterilizer Co.*, 126 F.3d 494, 499 n.1 (3d Cir. 1997). The Third Circuit has indicated that the "crucial questions are whether sufficient facts are pleaded to determine that the complaint is not frivolous, and to provide defendants with adequate notice to frame an answer." *Shirsat v. Mutual Pharmaceutical Co., Inc.*, No. CIV.A. 93-3202, 1996 WL 273674, at *3 (E.D. Pa. May 15, 1996) (quoting *Frazier v. Southeastern Penn. Transp. Auth.*, 785 F.2d 65, 68 (3d Cir. 1986)). Generally, a complaint is sufficiently specific and, thus, in accordance with Rule 8, when it sets forth the conduct complained of, the time, the place and those responsible. *Shirsat*, 1996 WL 273674, at *3 (*citing Frazier v. Southeastern Penn. Transp. Auth.*, 785 F.2d 65 (3d Cir. 1986)). A complaint, however, fails to comply with Rule 8(a)(2)'s requirements when it appears "so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Owens v. New York State Dept. of Social Servs.*, No. 98 Civ. 2207(LBS), 1999 WL 39537, at *1 (S.D.N.Y. Jan. 29, 1999) (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

Here, Plaintiff's Complaint does not explain precisely which of her claims pertain to the Defendant DAO, nor does the Complaint specify what actions by the DAO gave rise to her claims,

much less any factual allegations connecting DAO's conduct to any wrongdoing, nor what laws provided the legal basis of her claims aside from generally under the Fourth and Fourteenth Amendments of the federal Constitution. In other words, the Complaint fails to provide Defendant DAO with sufficient notice of the basis of her legal claims against them.

**B. Plaintiff's claims against the District Attorney's Office fail as a matter of law.**

Any claim against the Philadelphia District Attorney's Office fails as a matter of law because a civil action may not be brought against a department or division of the City of Philadelphia, such as the District Attorney's Office. Pursuant to 53 P.S. § 16257:

> All bonds, contracts and obligations heretofore executed, judgments entered, claims filed, and suits now pending in the name of any department of said city, formerly having had a corporate existence, are declared to be good and valid, and to inure to the use of the city; but no such department shall be taken to have had, since the passage of the act to which this is a supplement, a separate corporate existence, and hereafter all suits growing out of their transactions, and all claims to be filed for removing nuisances, together with all bonds, contracts and obligations, hereafter to be entered into or received by the said departments, shall be in the name of the City of Philadelphia.

*See Estate of Tyler ex rel. Floyd v. Grossman*, 108 F.Supp.3d 279 (E.D. Pa. June 11, 2015) (citing *Reitz v. County of Bucks*, 125 F.3d 139, 148 (3d Cir. 1997) ("the Bucks County District Attorney's Office is not an entity for purposes of § 1983 liability")); *see also Oyelakin v. Clerk of the Philadelphia Family Court*, Third Cir. No. 26-1009, F.App'x, *3 (3d Cir. September 16, 2026) ("[T]the District Attorney's Office is not an entity that can be sued under § 1983") (citing *Reitz*, 125 F.3d at 148); *Brinson v. City of Philadelphia*, No. 11-7479, 2012 WL 642057, at *2 (E.D. Pa. Feb. 28, 2012) ("The Philadelphia District Attorney's Office is not an appropriate defendant in this case . . . [because] [l]ocal prosecutorial offices are not legal entities separate from the local governments of which they are a part and, accordingly, may not be sued under § 1983"); *Domenech v. City of Philadelphia*, No. 06-1325, 2007 WL 172375, at *2 (E.D. Pa. Jan. 18, 2007) ("Plaintiff's § 1983 claims against the district attorney's office cannot stand because the

[Philadelphia] District Attorney's office is not an entity that can be sued under [42] U.S.C. § 1983").[2] Plaintiff's Section 1983 claims against the DAO fail as a matter of law.

**C. Plaintiff fails to state a claim for relief for malicious prosecution under § 1983.**

Because the Complaint does not identify what federal or state statutes form the basis of Plaintiff's legal claims, the DAO is inferring that "malicious prosecution," Compl. ¶9, (ECF 1), refers to a federal cause of action. Regardless of whether the DAO can be sued under Section 1983, Plaintiff fails to establish a claim for malicious prosecution.

To state a claim for malicious prosecution under the Fourth Amendment, a plaintiff in a Section 1983 action must allege facts showing that:

> (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in Plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the Plaintiff to justice; and (5) the Plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

*Kossler v. Crisanti*, 564 F.3d 181, 186 (3d Cir. 2009) (*en banc*) (quoting *Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003)) (abrogated on other grounds by *Thompson v. Clark*, 596 U.S. 36 (2022)).

Here, Plaintiff fails to satisfy two elements. First, the Complaint fails to allege facts establishing that the DAO initiated criminal proceedings against Plaintiff without probable cause. "The Fourth Amendment forbids a state from detaining an individual unless the state actor reasonably believes that the individual has committed a crime—that is, the Fourth Amendment forbids a detention without probable cause." *Halsey v. Pfeiffer*, 750 F.3d 273, 291 (3d Cir. 2014). "Probable cause requires only that [the defendant] had concluded there was 'a probability or substantial

[2] *But see Sourovelis v. City of Philadelphia*, 103 F.Supp.3d 694, 709–13 (E.D. Pa. May 12, 2015).

chance' of the criminal activity in question." *Wheeler v. Wheeler*, 639 Fed.Appx. 147, 150 (3d Cir. 2016) (quoting *United States v. Miknevich*, 638 F.3d 178, 185 (3d Cir. 2011)).

Plaintiff's Complaint fails to allege sufficient facts—or any facts at all—showing that the DAO did not reasonably believe that there was a "probability or substantial chance" she had committed the crime alleged against her. Nor does the Complaint allege anywhere that the DAO was aware of any misrepresentations or misconduct by Detective Ralph Lewis.

Furthermore, even if a complainant knows that there is no probable cause to arrest a plaintiff, that knowledge is not automatically imputed to the charging or prosecuting ADA.[3] Although the issue arises infrequently, the Third Circuit has not hesitated to disaggregate the probable cause inquiry between law-enforcement officers and complainants. *See, e.g.*, *Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 794 (3d Cir. 2000) ("Although the police may have acted on the reasonable belief that they had probable cause to arrest [plaintiff], whether the School Defendants had probable cause to pursue [plaintiff]'s prosecution is an independent inquiry, the outcome of which is not dictated by our holding that [the police] had probable cause to arrest [plaintiff]."). These support the principle that prosecutors should not be held liable if they are unaware that a complainant has misrepresented the evidence against the accused, either through commission or omission.

---

[3] The Complaint also notes that the DAO is "the entity responsible . . . for the acts and omissions of its employees, including approving and signing off on criminal referrals." The Supreme Court has rejected the claim that a municipal entity can be held liable on a *respondeat superior* basis for alleged constitutional violations committed by employees of the entity. *Monell v. Department of Social Servs.*, 436 U.S. 658 (1978). Cases subsequent to *Monell* have also made it clear that § 1983 claims cannot be based upon a theory of *respondeat superior*. *See Colburn v. Upper Darby Township*, 838 F.2d 663 (3d Cir. 1988) (§ 1983 liability cannot be based on a theory of *respondeat superior)*; *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077, 1082 (3d Cir. 1976) (§ 1983 liability may not be imposed based upon r*espondeat superior*); *Hodgin v. Roth*, 536 F. Supp. 454, 460 (E.D. Pa. 1982) (supervisory personnel cannot be held liable under § 1983 on theory of *respondeat superior*).

The Complaint fails to state any facts that establish either that a) the DAO did not reasonably believe that Plaintiff had committed the crime she was accused of or b) the DAO was aware of any misrepresentations in finding probable cause. Indeed, the Complaint does not even allege that Det. Lewis, who was the complainant in the case against Plaintiff, knew or reasonably should have known that she had a legal right to take his vehicle without permission when he reported its theft. Accordingly, Plaintiff has failed to establish that the DAO initiated criminal proceedings against Plaintiff without probable cause.

The Complaint also fails to establish that the DAO acted maliciously or for a purpose other than bringing Plaintiff to justice, which further and independently warrants dismissal. *See Ginter v. Skahill*, No. 04-2444, 2006 WL 3043083, at *8–9 (E.D. Pa. Oct. 27, 2006) (granting summary judgment for the Delaware County DA's Office on a malicious prosecution claim where the "[plaintiff] ha[d] produced no evidence that the District Attorney's office acted maliciously or for anything other than bringing [plaintiff] to justice."), *aff'd*, 298 Fed.Appx. 161 (3d Cir. 2008). Nowhere in Plaintiff's Complaint does she allege that the DAO acted with any malice or ill-intent when it authorized criminal charges against her in 2023. Nor does she allege any facts that would imply or allow the court to infer such an intent.

Accordingly, because she fails to plead any facts establishing that the DAO acted without probable cause or that it acted with malice or any other purpose besides bringing her to justice, her malicious prosecution claim is meritless and must fail.

### D. Plaintiff fails to state a claim for conspiracy to deprive her of her civil rights under Section 1983.

Because the Complaint does not identify what federal or state statutes form the basis of Plaintiff's legal claims, the DAO is inferring that "civil conspiracy/collusion to deprive Plaintiff of her civil rights," Compl. ¶9, (ECF 1), refers to a cause of action under federal law.

Claims of conspiracies to interfere with civil rights are governed by 42 U.S.C. § 1985, which provides an action for damages where "two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the law[.]" 42 U.S.C. § 1985(2). It also provides a cause of action for a person who is "injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States" by such a conspiracy. 42 U.S.C. § 1985(3).

In *Griffin v. Breckenridge*, 403 U.S. 88 (1971), the Supreme Court clarified that the reach of 42 U.S.C. § 1985(3) is limited to conspiracies predicated on "racial, or perhaps otherwise class based, invidiously discriminatory animus." *Griffin*, 403 U.S. at 102. The Third Circuit has held that an allegation of "some racial, or perhaps otherwise class-based, invidiously discriminatory animus" is also required for a claim under the second clause of § 1985(2). *Silo v. Philadelphia*, 593 F. Supp. at 873-874, *citing Brawer v. Horowitz*, 535 F.2d 830, 840 (3d Cir. 1976). Therefore, when asserting a claim pursuant to either the second clause of § 1985(2) or § 1985(3), a plaintiff must allege some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action. Such a conspiracy must be based upon "immutable characteristics" for which the members of the class have no responsibility. *Carchman v. Korman Corp.*, 594 F.2d 354, 356 (3d Cir. 1979).

Here, Plaintiff alleges no facts to satisfy this requirement at all. She does not allege that the DAO acted with any discriminatory intent or identify herself as a member of any class based on immutable characteristics. Plaintiff also fails to allege any facts at all to support a conspiracy claim and offers nothing to establish or allow the Court to infer that the DAO conspired with any other parties in its decision to prosecute her. All the Complaint offers is the conclusory statement that

"[t]he actions of Defendants constitute . . . civil conspiracy/collusion to deprive Plaintiff of her civil rights." Compl. ¶9, (ECF 1).

Accordingly, because Plaintiff offers no factual allegations establishing that the DAO acted with discriminatory intent or acted in furtherance of any conspiracy, her claim of conspiracy to deprive her of her civil rights must fail and should be dismissed.

**E. The DAO is absolutely immune from Plaintiff's federal civil rights claims.**

Plaintiff's claims are also barred by prosecutorial immunity. It is well-settled that a prosecutor is entitled to absolute immunity from a civil suit for damages under Section 1983 for any actions that are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *see also Whitfield v. City of Philadelphia, et al.*, 587 F.Supp.2d 657, 665 (E.D. Pa. 2008) ("[I]ndividual prosecutors are entitled to absolute immunity from Section 1983 liability for any action performed pursuant to their judicial or quasi-judicial function as advocates for the state."). A district attorney exercises a prosecutorial function when his or her actions "necessarily require legal knowledge and the exercise of related discretion." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009). Thus, the Supreme Court has held that a prosecutor is absolutely immune from suit for their conduct in "initiating a prosecution and in presenting the State's case," *Imbler*, 424 U.S. at 431, for preparing a warrant application and presenting evidence at a probable cause hearing, *Burns v. Reed*, 500 U.S. 478, 492–93 (1991), "for eliciting false or defamatory testimony from witnesses or for making false or defamatory statements during, and related to, judicial proceedings," *Buckley v. Fitzsimmons*, 509 U.S. 259, 270 (1993), and for preparing and filing a bill of information and a motion for an arrest warrant, *Kalina v. Fletcher*, 522 U.S. 118 (1997). *See Gause v. Haile*, 559 F. App'x 196, 198 (3d Cir. 2014) ("[A] prosecutor is

immune from damages in a § 1983 action for [his or her] initiation of a prosecution and presentation of a state's case.").

Here, Plaintiff alleges wrongful prosecution by the Philadelphia DAO when it "signed off on a referral, authorizing the pursuit of criminal charges against Plaintiff . . . based on a false police report filed by Defendant [Ralph] Lewis." Compl. ¶6, (ECF 1). As the Plaintiff herself recognizes, the DAO "is the legal entity responsible for prosecuting criminal matters in Philadelphia County," *Id.* at ¶5. As such, authorizing criminal charges and related decisions and acts fall squarely within the DAO's prosecutorial functions. *See Clark v. Vernon*, 228 Fed.Appx. 128, 131 (3d Cir. 2007) ("Prosecutors sued for malicious prosecution under § 1983 enjoy absolute immunity for their conduct in 'initiating a prosecution and in presenting the State's case.'") (quoting *Imbler*, 424 U.S. at 431). Accordingly, because the DAO's actions fall within its prosecutorial functions, Plaintiff's claims are barred by prosecutorial immunity and must be dismissed.

**F. The DAO is immune from Plaintiff's state tort claims under the Pennsylvania Tort Claims Act.**

To the extent that Plaintiff's claims against the DAO for intentional infliction of emotional distress fall under Pennsylvania state tort law, these are barred by the Pennsylvania Tort Claims Act ("PTCA"). The PTCA shields local agencies and municipalities from liability "for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person." 42 Pa. C.S.A. § 8541.

The PTCA abrogates this immunity in nine circumstances, none of which apply here. *See* 42 Pa. C.S.A. § 8542(b) (abrogating immunity for acts involving vehicle liability; personal property; real property; trees, traffic controls and street lighting; utility service facilities; streets; sidewalks; care, custody, or control of animals; and sexual abuse). And although individual employees may not claim immunity for intentional torts, *see id.* § 8550, the PTCA does not abrogate the

immunity of municipalities or local agencies for such claims. *See*, e.g., *Williams v. City of Chester*, No. 14-4420, 2015 WL 224384, at *3 (E.D. Pa. Jan. 15, 2015) ("By its terms, the exception [for intentional torts] does not abrogate a municipality's grant of immunity set forth in § 8541.").

Accordingly, the PTCA bars Plaintiff's intentional infliction of emotional distress claim against the DAO, as these claims do not fall within any of the enumerated exceptions to the PTCA.

## IV. **CONCLUSION**

For the foregoing reasons, Plaintiff has failed to state a claim upon which relief can be granted. Defendants Philadelphia DAO respectfully request that Plaintiff's Complaint against them be dismissed with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(6).

Respectfully Submitted,

*/s/ Armand J. Avila*

ARMAND J. AVILA
Assistant District Attorney
THOMAS GAETA
Supervisor, Civil Litigation Unit
Philadelphia District Attorney's Office
Three South Penn Square
Philadelphia, PA 19107
armand.avila@phila.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| | : | |
| **Nakisha J. Lewis** | : | |
| Plaintiff, | : | **Civil Action** |
| | : | |
| **vs.** | : | **No. 2:26-cv-5545** |
| | : | |
| **DETECTIVE Ralph D. Lewis, et al.,** | : | |
| Defendants. | : | |
| | : | |

**ORDER**

AND NOW, this __________ day of ____________________, 2026, upon consideration of Defendant Philadelphia DAO's Motion to Dismiss for Failure to State a Claim, it is **HEREBY ORDERED** that the Motion is **GRANTED** and that the Complaint is **DISMISSED** as to Defendant Philadelphia DAO.

BY THE COURT:

________________________________

**MARK A. KEARNEY, J.**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **Nakisha J. Lewis** | : | |
| Plaintiff, | : | **Civil Action** |
| vs. | : | **No. 2:26-cv-5545** |
| **DETECTIVE Ralph D. Lewis, et al.,** | : | |
| Defendants. | : | |

**CERTIFICATE OF SERVICE**

I certify that, on this date, I have served the foregoing on all parties via the Court's electronic filing system. I have also served a copy of the foregoing via United States Mail on:

Nakisha Lewis
4316 Ashburner Street
Philadelphia, PA 19136

Detective Ralph Lewis
1809 Sheridan Street
Philadelphia, PA 19122

*/s/ Armand J. Avila*
ARMAND J. AVILA
Assistant District Attorney
Civil Litigation Unit
Philadelphia District Attorney's Office
Three South Penn Square
Philadelphia, PA 19107
armand.avila@phila.gov

Date: September 18, 2026