**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| NAKISHA J. LEWIS,<br>Plaintiff,<br>v.<br>DETECTIVE RALPH D. LEWIS, et al.,<br>Defendants. | Civil Action<br>No. 2:26-cv-05545-MAK |

**ORDER**

AND NOW, this _________ day of __________________, 2026, upon consideration of Defendant Ralph D. Lewis's Motion to Dismiss, and any response thereto, it is HEREBY ORDERED that the Motion is GRANTED and that the Complaint is DISMISSED WITH PREJUDICE as to Defendant Ralph D. Lewis.

BY THE COURT:

___________________________
MARK A. KEARNEY, J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NAKISHA J. LEWIS, | : | Civil Action No. 2:26-cv-05545-MAK |
| Plaintiff, | : | |
| v. | : | |
| DETECTIVE RALPH D. LEWIS, et al., | : | |
| Defendants. | : | |

**DEFENDANT RALPH D. LEWIS'S**
**MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Defendant Ralph D. Lewis hereby moves to dismiss the Complaint against him for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). In support of this motion, Defendant incorporates the attached Memorandum of Law. Defendant respectfully requests this Court dismiss all claims asserted against him in accordance with the attached proposed order or grant such other relief it deems just.

This motion is exempt from the Court's meet and confer requirement because Plaintiff proceeds pro se. See J. Kearney Policies & Procedures, at 7.

Date: September 17, 2026

Respectfully submitted,

/s/ Noah S. Cohen
Noah S. Cohen
PA Attorney I.D. No. 313849
**GOLDSHAW GREENBLATT PIERCE LLC**
Two Penn Center
1500 John F. Kennedy Boulevard
Suite 1230
Philadelphia, PA 19102
(215) 978-9090
ncohen@ggplawfirm.com
*Counsel for Defendant Ralph D. Lewis*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NAKISHA J. LEWIS,<br><br>Plaintiff,<br><br>v.<br><br>DETECTIVE RALPH D. LEWIS, et al.,<br><br>Defendants. | : | Civil Action No. 2:26-cv-05545-MAK |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT RALPH D. LEWIS'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

## I. INTRODUCTION

The Complaint should be dismissed because its only concrete allegation against Defendant Lewis is that he filed a police report concerning a vehicle involved in the parties' divorce. The Complaint does not identify what Defendant Lewis said in the report, plead facts showing that any identified statement was knowingly false, or plausibly allege state action, a qualifying seizure, an actionable agreement, or facts supporting the remaining federal or Pennsylvania claims.

## II. PROCEDURAL HISTORY

Plaintiff commenced this action by filing a two-page Complaint on August 3, 2026. ECF No. 1. The docket identifies Defendant Lewis as sued both individually and in his official capacity. On September 9, 2026, the City and the Police Department filed a separate motion to dismiss the claims asserted against them. ECF No. 17. Defendant Lewis now moves to dismiss the claims asserted against him.

## III. ALLEGATIONS

The Complaint identifies Defendant Lewis as Plaintiff's husband at the relevant time, alleges that he worked for the Philadelphia District Attorney's Office and formerly served as a Philadelphia police officer, and alleges that the City is responsible for its employees' actions. Compl. ¶¶ 2-3.

The factual allegations concerning Defendant Lewis are brief. Plaintiff alleges that, on March 27, 2023, Defendant Lewis filed a police report concerning a vehicle involved in the parties' divorce proceedings; that she was thereafter criminally charged and prosecuted in connection with the vehicle; and that she was acquitted in October 2024. Compl. ¶¶ 6–8. The Complaint does not quote the report or identify any statement Defendant Lewis made in it.

Based on those allegations, Plaintiff invokes the Fourth and Fourteenth Amendments, 'abuse of power by persons acting under color of state law,' 'civil conspiracy/collusion to deprive Plaintiff of her civil rights,' malicious prosecution, and intentional infliction of emotional distress. *Id*. at 2.

The Complaint does not identify anything Defendant Lewis said in the report; any particular false statement; facts showing he knew a statement was false; any use of a badge, credentials, an official database, or governmental authority; any request or pressure to arrest or prosecute; any conversation or agreement with a police officer or prosecutor; any policy or custom; any post-issuance misuse of legal process; or any severe emotional injury supported by factual allegations. *See id. generally.*

Defendant Lewis accepts well-pleaded facts solely for purposes of this Motion. He does not accept legal conclusions or conclusory characterizations, and he relies on no evidence

concerning the underlying domestic-relations or property dispute. The Complaint fails on its own terms.

## IV. ARGUMENT

### A. Legal Standard Under Rule 12(b)(6)

Federal Rule of Civil Procedure 8 requires 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Fed. R. Civ. P. 8(a)(2). To survive Rule 12(b)(6), a complaint must contain enough factual matter, accepted as true, to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A formulaic recitation of elements, naked assertions, and facts showing only a possibility of misconduct do not suffice. *Iqbal*, 556 U.S. at 678-79.

The Court identifies the elements of each claim, disregards allegations that are merely legal conclusions, and asks whether the remaining well-pleaded facts plausibly support relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). A pro se complaint is liberally construed, but pro se status does not relieve a litigant of the obligation to plead facts supporting each claim. *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013).

### B. The Federal Claims Fail Because the Complaint Does Not Plead Action Under Color of State Law

Section 1983 provides a remedy only when a defendant, acting under color of state law, deprives the plaintiff of a federal right. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009). 'The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law.' *Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995).

1. A Personal Report Concerning A Domestic Property Dispute Is Not State Action

Public employment does not convert every private act into state action. Conduct occurs under color of law when the actor exercises power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.' West, 487 U.S. at 49 (citation omitted). Conversely, 'purely private acts which are not furthered by any actual or purported state authority are not acts under color of state law.' *Barna v. City of Perth Amboy*, 42 F.3d 809, 816-17 (3d Cir. 1994). *Barna* applied that rule to police officers' alleged misconduct during a personal family dispute and held that public positions alone did not make their private conduct state action. *Id.* at 817-18.

The act pleaded here is likewise private. Plaintiff alleges that Defendant Lewis filed a police report concerning a vehicle involved in the parties' divorce. Compl. ¶¶ 6–8. She does not allege that filing police reports was part of Defendant Lewis's duties, that he purported to speak for the District Attorney's Office or Police Department, that he displayed credentials, that he exercised police power, or that governmental access enabled the report.

2. A police report and later prosecution do not plausibly allege joint action

The sequence "report, then charges" does not, without more, plausibly establish joint action. A private party acts under color of state law only when he is a "willful participant in joint action with the State or its agents." *Kach*, 589 F.3d at 646. The Complaint alleges only that Defendant Lewis made a report and officials later pursued charges. It does not plead a shared plan, joint decision-making, direction of state officials, or any other facts making Defendant Lewis's private conduct fairly attributable to the State.

The Complaint uses the word 'collusion' but pleads no supporting event. It does not identify an official who agreed with Defendant Lewis, a communication reflecting a shared objective, a

preexisting plan, a request that officials bypass independent judgment, or Defendant Lewis's participation in an arrest, warrant application, charging decision, or prosecution. A § 1983 conspiracy must be supported by facts addressing the period, object, participants, and actions of the alleged agreement. *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 178-79 (3d Cir. 2010). None is pleaded. Every § 1983 theory against Defendant Lewis therefore fails at the threshold.

### C. The Complaint Does Not State a Fourth Amendment Claim Against Defendant Lewis

#### 1. <u>Even Assuming Defendant Lewis's Report Contributed To The Prosecution, The Complaint Does Not State A Fourth Amendment Malicious-Prosecution Claim</u>

A Fourth Amendment malicious-prosecution claim requires facts showing that the defendant initiated a criminal proceeding; the proceeding ended in the plaintiff's favor; it was initiated without probable cause; the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and the plaintiff suffered a deprivation of liberty consistent with a seizure as a consequence of legal process. *Harvard v. Cesnalis*, 973 F.3d 190, 203 (3d Cir. 2020). Plaintiff's alleged acquittal satisfies the favorable-termination element, but it does not, by itself, establish the remaining elements. *See Thompson v. Clark*, 596 U.S. 36, 39 (2022).

Plaintiff alleges that Defendant Lewis filed a police report concerning the Mustang and that criminal charges followed. Accepting those allegations as true and drawing reasonable inferences in Plaintiff's favor, the Court may assume for purposes of this Motion that the report contributed to the initiation of the proceedings. But causation does not cure the separate state-action defect. As explained above, the Complaint does not allege that Defendant Lewis exercised governmental authority, jointly decided with police or prosecutors to pursue charges, directed their actions, or otherwise became a willful participant in state action. Thus, even assuming that the

report contributed to the prosecution, the federal claim fails because the conduct attributed to Defendant Lewis remains that of a private complainant.

The Complaint also provides insufficient factual support for the absence of probable cause or malice. In *Bracke v. SiteOne Landscape Supply, LLC*, 2022 WL 1128951, at *1, *3 (E.D. Pa. Apr. 15, 2022), employees allegedly made an “untruthful” report during a property-related dispute, after which the plaintiff was arrested and charged. The court dismissed the malicious-prosecution claim because labels such as “untruthful” and “misleading” did not substitute for facts showing that the employees knowingly supplied false information or controlled law enforcement’s decision. *Id.* at *3. Here, the Complaint neither quotes the report nor identifies what Defendant Lewis told police. To the extent Plaintiff characterizes the report as false, she does not identify a particular false statement, explain why it was false when made, or plead facts showing that Defendant Lewis knew it was false. Nor does she allege what information the decisionmakers possessed or why that information could not support probable cause.

Finally, and critically, the Complaint does not allege a deprivation of liberty consistent with a seizure as a consequence of legal process. It does not allege that Plaintiff was arrested or detained, required to post bond, subjected to travel or reporting restrictions, or otherwise deprived of her liberty while the charges were pending. Merely being required to attend criminal proceedings does not constitute a Fourth Amendment seizure. *DiBella v. Borough of Beachwood*, 407 F.3d 599, 603 (3d Cir. 2005). The federal malicious-prosecution claim therefore fails.

2. <u>The Generic Fourth Amendment Reference Does Not State A False-Arrest Or Other Seizure Claim</u>

To the extent Plaintiff intends a false-arrest claim, she must plead an arrest without probable cause and Defendant Lewis's personal responsibility for that seizure. See *James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012). The Complaint does not identify an arrest, an

arresting actor, the basis for an arrest, or conduct by Defendant Lewis that caused one. It alleges only his earlier report and the later charging decision. That does not plead personal liability, state action, or lack of probable cause.

False arrest and false imprisonment also cover detention only until legal process begins; any later Fourth Amendment theory is analyzed as malicious prosecution. *Wallace v. Kato*, 549 U.S. 384, 389-91 (2007). The bare Fourth Amendment reference cannot sustain a separate claim.

**D. The Fourteenth Amendment Supplies No Separate Claim**

The Complaint identifies no distinct Fourteenth Amendment deprivation. If Plaintiff invokes substantive due process for the allegedly wrongful prosecution, the theory is unavailable because the Fourth Amendment provides the explicit source of constitutional protection. *Torres v. McLaughlin*, 163 F.3d 169, 172-73 (3d Cir. 1998). If the Fourteenth Amendment is invoked only to incorporate the Fourth Amendment against local actors, the claim fails along with the deficient Fourth Amendment theories.

**E. The Conspiracy and Collusion Labels Do Not State a Claim**

A § 1983 conspiracy requires facts supporting an agreement to deprive the plaintiff of a federal right and concerted action in furtherance of the agreement. *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 293-95 (3d Cir. 2018). The Complaint does not identify with whom Defendant Lewis agreed, when an agreement formed, what was communicated, what shared plan existed, or what overt act Defendant Lewis undertook apart from the report itself. An investigation following a report is ordinary sequence, not a plausible meeting of minds. The claim also lacks an underlying constitutional violation by Defendant Lewis.

**F. The Pennsylvania Claims Fail for Independent Reasons**

1. The State Malicious-Prosecution Theory Lacks Factual Support For The Absence Of Probable Cause And Malice.

Even assuming for purposes of this Motion that Defendant Lewis's report contributed to the institution of the proceedings, the Complaint does not identify what he told police, explain why any identified statement was false when made, or plead facts showing that he knew it was false. Pennsylvania malicious prosecution requires that the defendant instituted proceedings without probable cause and with malice, and that the proceedings terminated in the plaintiff's favor. *Kelley v. Gen. Teamsters, Chauffeurs & Helpers, Local 249*, 544 A.2d 940, 941 (Pa. 1988). It likewise does not allege facts showing that the officials who commenced the proceedings lacked probable cause or that Defendant Lewis acted with malice. Plaintiff's alleged acquittal supplies favorable termination but does not establish these remaining elements. The state malicious prosecution claim therefore fails.

2. The Intentional-Infliction Claim Does Not Allege Outrageous Conduct Or Severe Distress

Intentional infliction of emotional distress is reserved for conduct so extreme and outrageous that it goes beyond all possible bounds of decency and is regarded as atrocious and utterly intolerable in a civilized society. *Hoy v. Angelone*, 720 A.2d 745, 753-54 (Pa. 1998). The plaintiff must also establish intent or recklessness, causation, and severe distress supported by competent medical evidence. *Kazatsky v. King David Mem. Park, Inc.*, 527 A.2d 988, 995 (Pa. 1987).

The pleaded conduct does not approach that threshold. Defendant Lewis allegedly filed one report about a disputed vehicle. There are no allegations of threats, coercion, repeated harassment, use of official power, or conduct beyond the report and ensuing prosecution. *Bracke*

held that even an allegedly false criminal accusation followed by arrest, detention, loss of a firearms license, and withdrawn charges was not, without more, sufficiently outrageous. 2022 WL 1128951, at *5. Plaintiff also alleges no facts describing severe distress, treatment, diagnosis, physical injury, or objective medical support.

**G. The Official-Capacity Theory Fails**

An official-capacity claim is treated as a claim against the governmental entity of which the defendant is an agent. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). The label does not convert private conduct into state action, and entity liability cannot rest on respondeat superior. *Monell v. Dep't of Social Services*, 436 U.S. 658, 691, 694 (1978). Plaintiff must plead that an identified policy or custom was the moving force behind a constitutional injury. *McTernan v. City of York*, 564 F.3d 636, 657-58 (3d Cir. 2009). The Complaint identifies no policy, custom, policymaker decision, failure-to-train theory, or pattern. The official-capacity claim therefore fails.

**H. Dismissal Should End the Claims Against Defendant Lewis**

Leave to amend is unnecessary when amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 114 (3d Cir. 2002). Several defects are legal: 'abuse of power' is not an independent cause of action; substantive due process cannot replace the Fourth Amendment; an official-capacity theory cannot rest on employment alone; and the pleaded report, without more, is not outrageous conduct under Pennsylvania law. Those theories should be dismissed with prejudice.

The remaining theories arise from the same fixed allegation: Defendant Lewis, acting in a personal domestic property dispute, made a report and officials later pursued charges. The Complaint contains no facts connecting Defendant Lewis's private conduct to official authority, identifying a knowingly false statement, pleading a qualifying seizure, or supporting an agreement

with a state actor. Plaintiff has identified her theory, and additional conclusions would not cure it. All claims against Defendant Lewis should therefore be dismissed with prejudice.

## V. CONCLUSION

For these reasons, Defendant Ralph D. Lewis respectfully requests that the Court grant his Motion and dismiss all claims against him with prejudice under Federal Rule of Civil Procedure 12(b)(6).

Date: September 17, 2026

Respectfully submitted,

/s/ Noah S. Cohen
Noah S. Cohen
PA Attorney I.D. No. 313849
**GOLDSHAW GREENBLATT PIERCE LLC**
Two Penn Center
1500 John F. Kennedy Boulevard
Suite 1230
Philadelphia, PA 19102
(215) 978-9090
ncohen@ggplawfirm.com
*Counsel for Defendant Ralph D. Lewis*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of September 2026, I electronically filed the foregoing Motion to Dismiss, supporting Memorandum of Law, and proposed Order using the Court's electronic filing system, which will send notification of the filing to all parties.

*/s/ Noah S. Cohen*
Noah S. Cohen, Esquire
*Counsel for Defendant Ralph D. Lewis*