**THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

**NAKISHA J. LEWIS,**
**Plaintiff,**
**v.**
**DETECTIVE RALPH LEWIS, et al.,**
**Defendants.**

**Civil Action No. 2:26-cv-05545-MAK**

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT PHILADELPHIA DISTRICT ATTORNEY'S OFFICE'S MOTION TO DISMISS**

Plaintiff Nakisha J. Lewis, proceeding pro se, respectfully submits this Response in Opposition to the Philadelphia District Attorney's Office's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) (ECF No. 21). The motion should not result in dismissal of Plaintiff's federal civil-rights theory with prejudice. At minimum, if the Court concludes that the Philadelphia District Attorney's Office is not a separately suable entity or that the original Complaint requires greater factual specificity, Plaintiff respectfully requests leave to amend so that the proper municipal defendant, legal theories, and factual allegations may be stated with precision.

*See Grayson v. Mayview State Hosp., 293 F.3d 103, 108, 114 (3d Cir. 2002); Phillips v. County of Allegheny, 515 F.3d 224, 245 (3d Cir. 2008); Shane v. Fauver, 213 F.3d 113, 116 (3d Cir. 2000).*

**I. RELEVANT ALLEGATIONS AND PROCEDURAL BACKGROUND**

The Complaint alleges that Defendant Detective Ralph Lewis was a law-enforcement officer employed by the Philadelphia District Attorney's Office and was formerly a Philadelphia police officer. Plaintiff alleged that on or about March 27, 2023, the District Attorney's Office approved a referral authorizing criminal charges based on Detective Ralph Lewis's report of theft by Plaintiff of a 1967 Mustang.

The Complaint further alleges that Detective Ralph Lewis described Plaintiff as his "ex-wife" even though the parties were still legally married and that a 2019 property agreement negotiated through their divorce attorney(s) provided in which Plaintiff retained the vehicle. Plaintiff was arrested on March 30, 2023. The criminal case was later terminated in Plaintiff's favor. She then

was acquitted in October 2024; the Complaint further alleges that Family Court reaffirmed her ownership of the vehicle and that the arrest record was later expunged.

The Complaint expressly identifies alleged violations of the Fourth and Fourteenth Amendments, abuse of power under color of state law, civil conspiracy/collusion, malicious prosecution, and intentional infliction of emotional distress. The District Attorney Office nevertheless argues that the pleading fails Rule 8, that the District Attorney Office is not a separately suable entity under Section 1983, that the federal claims are inadequately pleaded, that prosecutorial immunity applies, and that the Pennsylvania Political Subdivision Tort Claims Act bars the state-law tort claim.

## II. STANDARD OF REVIEW

On a Rule 12(b)(6) motion, the Court accepts well-pleaded factual allegations as true and draws reasonable inferences in the plaintiff's favor.

*Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("It is axiomatic that the complaint may not be dismissed on the grounds that the court believes unlikely the plaintiff will prevail on the merits."). A pro se pleading is construed liberally. Estelle v. Gamble, 429 U.S. 97, 106 (1976). Where a civil-rights complaint is vulnerable to dismissal, the Third Circuit instructs that a curative amendment should ordinarily be permitted unless amendment would be inequitable or futile. Grayson v. Mayview State Hosp., 293 F.3d 103, 108, 114 (3d Cir. 2002); Phillips v. County of Allegheny, 515 F.3d 224, 245 (3d Cir. 2008); Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000).*

## III. ARGUMENT

A. The Complaint gave fair notice of the federal nature of Plaintiff's claims, and any pleading deficiency should be cured by amendment rather than dismissal with prejudice.

The District Attorney Office states that it had to infer the legal basis of Plaintiff's claims. But the Complaint expressly alleges violations of the Fourth and Fourteenth Amendments, action under color of state law, wrongful prosecution, and malicious prosecution. Those allegations provide notice that Plaintiff seeks relief for federal constitutional violations. *See Johnson v. City of Shelby, 574 U.S. 10, 11 (2014) (per curiam) (no "heightened" pleading standard for federal claims).*

*To the extent the original pro se Complaint did not expressly place "42 U.S.C. § 1983" beside each federal theory or did not separate each claim into a separate count, that is a curable pleading issue. The appropriate alternative to dismissal with prejudice is leave to file an amended complaint identifying each claim, each defendant, and the supporting facts. See Phillips, 515 F.3d at 245.*

B. If the District Attorney Office is not a separately suable entity, the proper remedy is not dismissal of the underlying federal theory with prejudice.

The District Attorney Office relies on 53 P.S. § 16257 and cases holding that the Philadelphia District Attorney's Office is not a separate legal entity for purposes of Section 1983. Plaintiff recognizes the distinction between the office as a named department and the City of Philadelphia as the municipal entity. The City of Philadelphia is already a named Defendant in this action.

*See, e.g., Estate of Tyler ex rel. Floyd v. Grossman, 108 F. Supp. 3d 279 (E.D. Pa. 2015); Reitz v. County of Bucks, 125 F.3d 139, 148 (3d Cir. 1997).*

Notwithstanding, some recent authority has recognized the unique status and functions of the Philadelphia District Attorney Office . See Sourovelis v. City of Philadelphia, 103 F. Supp. 3d 694, 709–12 (E.D. Pa. 2015) (recognizing, for certain claims, the District Attorney Office may be separately liable for official policy or practice). Accordingly, if the Court concludes that the District Attorney Office itself lacks separate capacity to be sued, Plaintiff respectfully requests that any dismissal be limited to the District Attorney Office as a separately named entity and be without prejudice to Plaintiff's claims against the City or to amendment identifying the proper defendant and a legally sufficient municipal-liability theory.

*See Monell v. Department of Social Services, 436 U.S. 658, 691, 694 (1978) (no respondeat superior liability; requirement of official policy, custom, or deliberate indifference).*

C. District Attorney Office's Section 1985 analysis does not dispose of a distinct conspiracy theory under Section 1983.

The District Attorney Office treats Plaintiff's reference to "civil conspiracy/collusion to deprive

Plaintiff of her civil rights" as a claim governed by 42 U.S.C. § 1985 and argues that Plaintiff did not plead racial or other class-based discriminatory animus. Section 1985 contains such requirements in the circumstances identified by the District Attorney Office. But federal law also recognizes a conspiracy theory under Section 1983 where facts plausibly support an agreement or concerted action under color of state law to deprive a constitutional right.

*See Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 178 (3d Cir. 2010); Jutrowski v. Township of Riverdale, 904 F.3d 280, 293-95 (3d Cir. 2018); Holt v. Cnty. of Montgomery, 2018 WL 3631889, *10 (E.D. Pa. July 31, 2018) (recognizing §1983 conspiracy distinct from §1985).* A Section 1983 conspiracy claim is not converted into a Section 1985 claim merely because the word "conspiracy" appears in the Complaint.

Plaintiff acknowledges that a Section 1983 conspiracy must be supported by facts permitting an inference of an agreement, not merely a conclusory label. If the Court finds the original allegations insufficiently detailed on that point, Plaintiff requests leave to amend to plead the specific communications, coordinated acts, knowledge, participants, and chronology that Plaintiff can allege in good faith, rather than dismissal with prejudice based solely on Section 1985's class-based-animus requirement.

D. Pennsylvania statutory immunity does not create an additional immunity from an otherwise viable federal Section 1983 claim.

The District Attorney Office separately invokes the Pennsylvania Political Subdivision Tort Claims Act ("PTCA"), 42 Pa. C.S. §§ 8541-8564, against Plaintiff's state-law intentional-infliction-of-emotional-distress claim. Plaintiff recognizes that the PTCA is relevant to state-law tort claims. It does not, however, create an additional immunity from an otherwise viable federal cause of action under *42 U.S.C. § 1983. See Howlett v. Rose, 496 U.S. 356, 375–78 (1990) (states may not shield local governments from § 1983 liability with their own immunity laws); Haywood v. Drown, 556 U.S. 729, 736–42 (2009) (state courts bound to enforce § 1983 liability despite conflicting state immunity).* The Supreme Court has made clear that federal law governs the availability of defenses and immunities in § 1983 actions.

*See also Owen v. City of Independence, 445 U.S. 622, 657–58 (1980) (no municipal immunity from § 1983).*

This principle is limited but important. Plaintiff does not contend that federal law recognizes no immunity. Federal doctrines such as absolute prosecutorial immunity remain governed by federal law and must be analyzed under their own standards. Plaintiff's point is narrower: the PTCA may affect state tort claims, but it cannot itself extinguish a federal Section 1983 claim.

E. Absolute prosecutorial immunity is functional and should not be extended beyond protected advocacy functions.

The District Attorney Office also invokes federal absolute prosecutorial immunity. Plaintiff recognizes that prosecutors are absolutely immune from damages under Section 1983 for conduct intimately associated with the judicial phase of the criminal process, including initiating a prosecution and presenting the State's case. *Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976).* But the Supreme Court applies a functional approach: the nature of the function performed, not merely the actor's title, controls.

*See Buckley v. Fitzsimmons, 509 U.S. 259, 269–76 (1993); Burns v. Reed, 500 U.S. 478, 486, 492–96 (1991); Van de Kamp v. Goldstein, 555 U.S. 335, 344–45 (2009). Investigative or administrative conduct is not automatically protected by absolute prosecutorial immunity.*

The original Complaint alleges that the charging referral arose from a report by Detective Ralph Lewis, who was himself employed by the District Attorney Office, and challenges the circumstances preceding and producing the prosecution. To the extent Plaintiff's claims concern only an assistant district attorney's protected decision to initiate charges, absolute immunity may apply to that individual advocacy function. But that doctrine should not be read at the pleading stage to immunize every investigative, administrative, or non-advocacy act by every actor associated with the District Attorney Office. *See Yarris v. County of Delaware, 465 F.3d 129, 136-37 (3d Cir. 2006) (absolute immunity does not extend to all acts of prosecutors).*

If the Court requires greater specificity as to which acts occurred before the initiation of judicial proceedings and who performed them, Plaintiff requests leave to amend.

F. The malicious-prosecution allegations should be evaluated with reasonable inferences in Plaintiff's favor, or Plaintiff should receive leave to cure factual detail.

The District Attorney Office argues that the Complaint does not adequately allege lack of probable cause or malice. The Complaint alleges that the prosecution was triggered by Detective

Ralph Lewis's allegedly false report concerning a vehicle Plaintiff claimed she was legally entitled to possess, that Detective Ralph Lewis allegedly misidentified the parties' marital status, that Plaintiff was arrested and prosecuted, and that the prosecution terminated in her favor by acquittal. Those allegations identify the core factual dispute underlying probable cause.

*See Kossler v. Crisanti, 564 F.3d 181, 186 (3d Cir. 2009); Thompson v. Clark, 596 U.S. 36, 49 (2022) (acquittal sufficient for favorable termination). The Third Circuit has long held that courts must draw all reasonable inferences in plaintiffs' favor at this early stage. See Fowler, 578 F.3d at 210–11.*

Plaintiff does not contend that Detective Ralph Lewis's knowledge is automatically imputed to a charging prosecutor. Rather, Plaintiff seeks an opportunity to develop and, where presently known, plead facts concerning what information was supplied in the referral, what material facts were omitted or misstated, who reviewed the referral, and whether any involved actor knew of or recklessly disregarded information undermining probable cause. If the Court concludes the original Complaint does not plead those matters with sufficient specificity, amendment is the appropriate remedy unless the Court determines that amendment would be futile.
*See Phillips, 515 F.3d at 245.*

G. The PTCA issue concerning intentional infliction of emotional distress should be kept separate from the federal constitutional claims.

The District Attorney Office argues that the PTCA bars an intentional-infliction-of-emotional-distress claim against the District Attorney Office as a local agency because the claim does not fall within the statutory exceptions. Plaintiff does not rely on the PTCA as a source of her federal rights. The Court should therefore analyze any state-law tort immunity separately and should not allow a state-law immunity ruling to dispose of federal claims arising under Section 1983.

*See Howlett, 496 U.S. at 375–78; Haywood, 556 U.S. at 736–42.*

To the extent the Court concludes that the IIED claim cannot proceed against the District Attorney Office as an entity, Plaintiff requests that such a ruling be expressly limited to that

state-law claim and that any legally viable claims against individual defendants or other proper parties remain unaffected.

H. Dismissal with prejudice is unwarranted at this stage.

The DISTRICT ATTORNEYS OFFICE requests dismissal with prejudice. The asserted defects concerning identification of the statutory basis, the proper municipal defendant, the specificity of conspiracy allegations, and the factual detail surrounding probable cause are the types of matters that may be addressed through amendment. Plaintiff is proceeding pro se and has not yet had an opportunity to amend it in response to the District Attorney Office arguments. Under Grayson and Phillips, leave to amend should be granted unless the Court finds amendment inequitable or futile. *See also Shane, 213 F.3d at 115–16. Plaintiff therefore requests, at minimum, leave to file an amended complaint before any dismissal with prejudice.*

IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny the Philadelphia District Attorney's Office's Motion to Dismiss to the extent it seeks dismissal with prejudice of Plaintiff's federal civil-rights claims. In the alternative, if the Court concludes that the District Attorney Office is not a separately suable entity, that absolute prosecutorial immunity protects particular advocacy functions, that the PTCA bars the IIED claim against the District Attorney Office, or that the original Complaint requires additional factual specificity,

Wherefore, Plaintiff respectfully requests that dismissal be limited to the legally affected defendant, claim, or function and that Plaintiff be granted leave to file an amended complaint as to any curable deficiency.

Respectfully submitted,

Nakisha Lewis.

Nakisha J. Lewis, Plaintiff, Pro

Se Date: 9/18/2026

THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

**CERTIFICATE OF SERVICE**

I certify that on September 18th, 2026, I served a true and correct copy of the foregoing Plaintiff's Response in Opposition to Defendant Philadelphia District Attorney's Office's Motion to Dismiss upon counsel and the parties entitled to service by the method permitted by the Federal Rules of Civil Procedure and the Court's applicable filing and service procedures.

_Nakisha J Lewis_______________________________________

Nakisha J. Lewis, Plaintiff, Pro Se

THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

**PROPOSED ORDER**

AND NOW, this _____ day of __________________, 2026, upon consideration of Defendant Philadelphia District Attorney's Office's Motion to Dismiss (ECF No. 21), Plaintiff's Response in Opposition, and the record, it is ORDERED that the Motion is DENIED to the extent stated by the Court. In the alternative, to the extent the Court dismisses any claim or Defendant based on a curable pleading deficiency, Plaintiff is GRANTED leave to file an amended complaint within the time directed by the Court.

BY THE COURT:

___________________________________

MARK A. KEARNEY, J