UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**NAKISHA J. LEWIS,**
Plaintiff,

v.

**DETECTIVE RALPH D. LEWIS, individually and officially; CITY OF PHILADELPHIA; PHILADELPHIA POLICE DEPARTMENT; and PHILADELPHIA DISTRICT ATTORNEY'S OFFICE,**
Defendants.

**Civil Action No. 2:26-cv-05545-MAK**

# PLAINTIFF'S OPPOSITION TO DEFENDANT RALPH D. LEWIS'S MOTION TO DISMISS AND, IN THE ALTERNATIVE, REQUEST FOR LEAVE TO AMEND

## INTRODUCTION

Plaintiff Nakisha J. Lewis, proceeding pro se, respectfully opposes Defendant Ralph D. Lewis's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). Defendant seeks dismissal of all claims against him with prejudice. Plaintiff respectfully requests denial of the Motion or, alternatively, dismissal of any deficient claim without prejudice with express leave to amend under Rule 15(a)(2).

This action concerns an interconnected criminal process beginning with Lewis's complaint concerning the parties' 1967 Ford Mustang, continuing through investigation and information sharing among law-enforcement and government offices, proceeding to Affidavit/Warrant No. 293433, and resulting in Plaintiff's arrest and prosecution. The contemporaneous arrest paperwork identifies Ralph Lewis as the complainant, contains an "ex wife" characterization in the incident paperwork, refers to Affidavit No. 293433 for the case facts, and documents the later warrant arrest. Plaintiff alleges she and Lewis remained legally married at the relevant time and that the vehicle was implicated in an active marital-property dispute.

Defendant's Motion identifies alleged pleading deficiencies with specificity: it argues that the Complaint does not identify a particular false statement, adequately plead state action or joint action, allege a qualifying seizure, sufficiently plead absence of probable cause or malice, plead an actionable conspiracy, support the Pennsylvania claims, or support an official-capacity theory. Those asserted deficiencies are not a basis for dismissal with prejudice where Plaintiff can identify

concrete additional facts capable of being pleaded. See *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Grayson v. Mayview State Hospital*, 293 F.3d 103, 108, 114 (3d Cir. 2002); *Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

## I. RULE 12(b)(6) STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. The Court accepts well-pleaded factual allegations as true and draws reasonable inferences in Plaintiff's favor. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Pro se pleadings are construed liberally. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Plaintiff recognizes that liberal construction does not eliminate the obligation to plead facts. The question, however, is plausibility, not proof at the pleading stage.

## II. THE CONTEMPORANEOUS RECORDS IDENTIFY A SPECIFIC ALLEGED MISREPRESENTATION AND FACTUAL CHAIN

Defendant argues that the Complaint does not identify what Lewis said, a particular false statement, why it was false, or facts showing knowledge of falsity. Plaintiff can identify the factual allegation with greater specificity. The original incident paperwork contains the characterization "ex wife." Plaintiff alleges that this characterization was materially inaccurate because Plaintiff and Defendant Lewis remained legally married at the relevant time. Plaintiff further alleges Defendant Lewis knew the parties' marital status because he was Plaintiff's husband and was personally involved in the marital-property dispute.

Plaintiff does not allege the inaccurate relationship description as a mere semantic error. Plaintiff contends the accurate marital relationship was relevant to the nature of the Mustang dispute, including ownership, possession, permission, and whether the circumstances were properly characterized as criminal theft rather than a dispute involving marital property. Later PPD paperwork identifies Ralph Lewis as complainant and refers to Affidavit No. 293433 for the case facts. The arrest paperwork then documents Plaintiff's warrant arrest.

The precise source of the "ex wife" characterization, what Lewis personally told the reporting or investigating personnel, whether he supplied or withheld information concerning the continuing marriage and property dispute, and what information ultimately reached the warrant affiant are factual matters that can be clarified by amendment and developed through discovery.

## III. THE ALLEGED MISREPRESENTATION IS RELEVANT TO PROBABLE CAUSE

The Supreme Court has recognized the constitutional significance of deliberately or recklessly false material in a warrant affidavit. *Franks v. Delaware*, 438 U.S. 154, 155-56, 171-72 (1978). Plaintiff recognizes that *Franks* directly concerns the warrant affiant; Plaintiff does not contend that merely

being a complainant automatically creates a *Franks* violation. The significance here is the need to determine what information originated with Lewis, how it was communicated, and whether materially inaccurate information entered or influenced the warrant process.

The Third Circuit similarly recognizes that materially false assertions or omissions may undermine probable cause when the required state of mind and materiality are established. *Wilson v. Russo*, 212 F.3d 781, 786-89 (3d Cir. 2000). The Supreme Court also has rejected the proposition that issuance of a warrant necessarily breaks the causal chain for unconstitutional conduct responsible for a warrant application. *Malley v. Briggs*, 475 U.S. 335, 344-46 (1986). And the Third Circuit has recognized that later governmental participation does not invariably eliminate causation where allegedly fabricated evidence materially influences the criminal process. *Halsey v. Pfeiffer*, 750 F.3d 273, 297-99, 310-11 (3d Cir. 2014).

Defendant relies on the absence of detail in the original two-page Complaint. That concern supports, at most, a curative amendment where Plaintiff can now identify the alleged misrepresentation and the factual subjects requiring clarification. It does not establish that the theory is legally incapable of amendment.

## IV. PLAINTIFF SUFFERED A QUALIFYING SEIZURE: SHE WAS ARRESTED PURSUANT TO THE WARRANT

Defendant argues that the Complaint does not allege that Plaintiff was arrested, detained, required to post bond, subjected to travel or reporting restrictions, or otherwise deprived of liberty, and relies on *DiBella v. Borough of Beachwood*, 407 F.3d 599, 603 (3d Cir. 2005). This asserted deficiency is concretely curable. Plaintiff was in fact arrested pursuant to the warrant arising from the criminal case. The arrest paperwork documents a warrant arrest and links the criminal process to Affidavit/Warrant No. 293433.

Thus, this case is not limited to a plaintiff who merely received a summons and attended court proceedings. Plaintiff can expressly plead the arrest, the warrant, the resulting custody or restraint actually imposed, and the relationship between that seizure and the legal process. To the extent the original Complaint failed to state those details, the omission supports amendment rather than a finding that no qualifying seizure occurred.

Plaintiff further recognizes the distinction identified in *Wallace v. Kato*, 549 U.S. 384, 389-91 (2007), between detention before legal process and a Fourth Amendment malicious-prosecution theory involving seizure pursuant to legal process. Plaintiff's amended allegations can identify the particular seizure and the legal process pursuant to which it occurred.

## V. THE FAVORABLE-TERMINATION ELEMENT IS NOT DISPUTED, AND THE REMAINING MALICIOUS-PROSECUTION FACTS ARE CAPABLE OF MORE

**PARTICULARIZED PLEADING**

Defendant acknowledges that Plaintiff's acquittal satisfies favorable termination for purposes of the federal malicious-prosecution analysis. See Defendant's Memorandum; see also *Thompson v. Clark*, 596 U.S. 36, 39, 49 (2022). The dispute therefore concerns initiation, probable cause, malice or improper purpose, state action, causation, and seizure.

Plaintiff can plead the specific allegedly inaccurate relationship characterization; Lewis's alleged knowledge of the actual marriage; the Mustang's relationship to the marital-property dispute; Lewis's role as complainant; the ensuing Affidavit/Warrant No. 293433; Plaintiff's warrant arrest; and the ultimate acquittal. Plaintiff also seeks factual development concerning what Lewis communicated to investigators and whether materially contrary information was supplied, omitted, or transmitted into the warrant process. These are materially more specific allegations than a bare label that a report was merely "untruthful" or "misleading."

**VI. DEFENDANT LEWIS'S LAW-ENFORCEMENT EXPERIENCE AND ALLEGED USE OF LAW-ENFORCEMENT RELATIONSHIPS WARRANT FACTUAL DEVELOPMENT**

Defendant relies on *Barna v. City of Perth Amboy*, 42 F.3d 809, 816-18 (3d Cir. 1994), and argues that the police report arose from a private domestic-property dispute. Plaintiff recognizes that public employment alone does not transform purely private conduct into action under color of state law. Plaintiff does not rely merely upon Defendant Lewis's job title.

*Barna* also explains that action under color of law concerns the exercise or misuse of power possessed by virtue of state law. *Id.* at 816. Plaintiff alleges that Lewis had more than twenty years of law-enforcement experience, including service as a police officer and county detective. Plaintiff seeks factual development concerning whether Lewis used or invoked law-enforcement status, relationships, access, communications, governmental connections, or joint participation in connection with the criminal process.

Discovery can clarify whether Lewis's involvement went beyond that of an ordinary civilian complainant, including the nature of his communications with investigators or prosecutors, any access or influence derived from his professional relationships, and the flow of information from his complaint into the investigation and warrant process.

**VII. JOINT ACTION AND CONSPIRACY SHOULD NOT BE DISMISSED WITH PREJUDICE BEFORE CURATIVE AMENDMENT**

Defendant correctly notes that the word "collusion," standing alone, is not enough. Plaintiff does not ask the Court to infer a conspiracy merely because a report was followed by an investigation. See *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 178-79 (3d Cir. 2010); *Jutrowski v. Township of Riverdale*, 904 F.3d 280, 293-95 (3d Cir. 2018).

Plaintiff alleges, based upon information presently available, that individuals participating at various stages of the investigation had prior professional and/or personal relationships with Defendant Lewis arising from law-enforcement offices in which he had worked. Those relationships do not themselves establish an agreement, bias, or unconstitutional conduct. They identify legitimate subjects for factual development concerning communications, coordination, information sharing, the participants involved, the period and object of any alleged joint conduct, and each person's actions.

Plaintiff further understands that testimony from the underlying criminal proceedings may bear upon the nature of these relationships. Plaintiff does not seek to allege facts she cannot presently support. If the Court determines the present conspiracy allegations lack the specificity required by *Great Western* or *Jutrowski*, Plaintiff respectfully requests leave to amend to plead those facts that are presently known and later rely on properly obtained discovery as permitted by the Federal Rules.

## VIII. PPD DIRECTIVES PROVIDE RELEVANT PROCEDURAL CONTEXT

Philadelphia Police Department Directive 12.7, Vehicle Theft Investigation, and Directive 12.11, Complaint or Incident Report (75-48), provide procedural context for vehicle-theft investigations and incident reporting. Plaintiff does not contend that violation of a PPD directive independently establishes liability under 42 U.S.C. § 1983 or independently converts private conduct into state action.

Rather, the directives provide context for Plaintiff's contention that vehicle ownership, possession, permission, relationship information, and accurate incident reporting were relevant subjects within the investigation. Whether a particular directive applied to Defendant Lewis personally, whether any participant failed to comply with a directive, and what legal significance any such failure may have are distinct questions that Plaintiff does not ask the Court to resolve merely from the existence of the directives.

## IX. THE FOURTEENTH-AMENDMENT REFERENCE DOES NOT REQUIRE DISMISSAL OF THE FOURTH-AMENDMENT THEORY

Defendant argues that substantive due process cannot provide a separate vehicle for a wrongful-prosecution theory where the Fourth Amendment supplies the explicit constitutional protection. Plaintiff's principal federal theory concerning the alleged seizure and prosecution is under the Fourth Amendment. Plaintiff does not ask the Court to use substantive due process as a substitute for a Fourth Amendment claim.

To the extent the original Complaint's Fourteenth Amendment reference is unclear or duplicative, Plaintiff respectfully requests permission to clarify the constitutional basis of the claims in an

amended pleading rather than dismissal with prejudice of otherwise potentially viable Fourth Amendment allegations.

## X. THE PENNSYLVANIA MALICIOUS-PROSECUTION CLAIM IS ALSO CAPABLE OF CURATIVE AMENDMENT

Defendant argues that the Pennsylvania malicious-prosecution claim insufficiently alleges lack of probable cause and malice. Defendant cites *Kelley v. General Teamsters, Chauffeurs & Helpers, Local 249*, 544 A.2d 940, 941 (Pa. 1988), for the elements of the Pennsylvania claim. Plaintiff's acquittal supplies the favorable-termination component identified by Defendant.

Plaintiff can additionally plead the particular allegedly inaccurate "ex wife" characterization; Defendant Lewis's alleged knowledge of the actual marital relationship; the marital-property context of the Mustang; the information Lewis supplied or allegedly failed to supply; the subsequent warrant process and arrest; and additional facts, if supported, bearing on the absence of probable cause and the purpose for which the proceedings were allegedly initiated. These proposed allegations are factual, not merely a repetition of the legal words "malice" and "no probable cause." Accordingly, any deficiency in the present state-law pleading should be addressed through amendment rather than a determination that amendment is necessarily futile.

## XI. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS SHOULD NOT PROVIDE A BASIS TO DISMISS THE REMAINING CLAIMS WITH PREJUDICE

Defendant separately challenges Plaintiff's Pennsylvania intentional-infliction-of-emotional-distress ("IIED") theory, relying on *Hoy v. Angelone*, 720 A.2d 745, 753-54 (Pa. 1998), and *Kazatsky v. King David Memorial Park, Inc.*, 527 A.2d 988, 995 (Pa. 1987). Plaintiff recognizes that Pennsylvania imposes a demanding standard for IIED and that Defendant contests both sufficiently outrageous conduct and adequately supported severe distress.

Plaintiff does not rely on the IIED claim as a substitute for her Fourth Amendment and malicious-prosecution theories. To the extent the Court concludes the existing Complaint does not adequately plead IIED, Plaintiff requests leave to amend that claim only to the extent she can truthfully allege facts satisfying Pennsylvania law, including the nature and course of the alleged conduct, causation, severe emotional distress, and any competent medical or objective support required by Pennsylvania law. Any ruling concerning IIED should not determine the sufficiency or amendability of the separate federal and malicious-prosecution claims.

## XII. THE OFFICIAL-CAPACITY ISSUE IS DISTINCT FROM LEWIS'S INDIVIDUAL-CAPACITY LIABILITY

Defendant argues that the official-capacity designation cannot rest on employment alone and that municipal liability cannot be imposed through respondeat superior. Plaintiff recognizes the

distinction established by *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985), and *Monell v. Department of Social Services*, 436 U.S. 658, 691, 694 (1978). Plaintiff's individual-capacity allegations against Defendant Lewis are analytically distinct from any official-capacity or municipal-liability theory.

Accordingly, even if the Court determines that the official-capacity designation is duplicative, insufficiently pleaded, or otherwise subject to dismissal, that conclusion does not itself resolve whether Plaintiff can state an individual-capacity claim based upon Defendant Lewis's own alleged conduct. Plaintiff requests leave to clarify the capacity and factual basis of the claims as necessary.

## XIII. THE INVOLVEMENT OF MULTIPLE DEFENDANTS DOES NOT REQUIRE THEIR CONDUCT TO BE VIEWED IN ISOLATION

Plaintiff does not contend that all Defendants are automatically liable for each other's conduct. Section 1983 requires the legally necessary connection between each Defendant's own actions and the alleged constitutional deprivation. See *Iqbal*, 556 U.S. at 676; *Jutrowski*, 904 F.3d at 290-91.

At the same time, the alleged factual sequence connects the complainant, investigators, the warrant/affidavit process, the arrest, and subsequent prosecution. The participation of later actors does not automatically render earlier conduct irrelevant. See *Malley*, 475 U.S. at 344-45; *Halsey*, 750 F.3d at 297-99. Plaintiff seeks the opportunity to clarify each participant's alleged conduct and causal role through amendment and, where appropriate, discovery.

## XIV. PLAINTIFF DOES NOT SEEK TO PRESENT HER ENTIRE DISCOVERY CASE AT THE PLEADING STAGE

Plaintiff intentionally limits this Opposition to the facts necessary to answer Defendant's Rule 12(b)(6) arguments. Plaintiff does not submit every investigative document, communication, witness statement, transcript, or other item that may ultimately bear upon the claims. Nothing in this Opposition should be construed as limiting Plaintiff to the evidence referenced herein or waiving reliance upon additional evidence properly obtained, disclosed, or developed as the case proceeds.

At the same time, Plaintiff recognizes that an opposition brief does not itself amend the Complaint. Plaintiff therefore expressly requests leave to place the additional factual allegations identified in this Opposition into a properly amended pleading if the Court concludes the original Complaint is deficient.

## XV. DEFENDANT HAS NOT SHOWN THAT CURATIVE AMENDMENT WOULD NECESSARILY BE FUTILE

Defendant's final argument asks the Court to end all claims against Lewis with prejudice because, in Defendant's view, the defects are fixed legal defects and additional allegations would not cure them. Plaintiff respectfully disagrees as to the claims for which she has identified concrete additional facts.

Federal Rule of Civil Procedure 15(a)(2) directs courts to freely give leave to amend when justice so requires. *Foman v. Davis*, 371 U.S. 178, 182 (1962), identifies grounds that may justify denial, including undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice, and futility. The Third Circuit instructs that when a complaint is vulnerable to Rule 12(b)(6) dismissal, a curative amendment ordinarily should be permitted unless amendment would be inequitable or futile. *Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008); *Grayson v. Mayview State Hospital*, 293 F.3d 103, 108, 114 (3d Cir. 2002); see also *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004).

The proposed amendments here are not merely additional conclusions. Plaintiff can identify the specific alleged misrepresentation ("ex wife"); allege why she contends it was false and known to be false; plead the continuing marital relationship and Mustang property context; expressly plead the warrant arrest and resulting seizure; identify Affidavit/Warrant No. 293433; more precisely allege Lewis's personal role; and plead additional known facts concerning communications, relationships, state action, joint action, probable cause, causation, and malice to the extent supported by Plaintiff's information and evidence.

Those additional allegations directly correspond to the deficiencies Defendant identifies in his Motion. The fact that the original Complaint was brief does not establish that a more particularized amended complaint necessarily would fail as a matter of law. At minimum, Plaintiff should receive an opportunity to cure before her potentially curable claims are terminated with prejudice.

## XVI. REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court DENY Defendant Ralph D. Lewis's Motion to Dismiss.

Alternatively, if the Court determines that one or more claims are insufficiently pleaded, Plaintiff respectfully requests that the Court: (1) dismiss any curable claim without prejudice; (2) expressly grant leave to file an Amended Complaint under Federal Rule of Civil Procedure 15(a)(2); (3) permit a reasonable period for amendment; (4) permit Plaintiff to clarify the specific conduct attributable to Defendant Lewis, the alleged false or misleading information, the qualifying seizure, probable cause, causation, state action or joint action, and the factual basis of any surviving federal or Pennsylvania claim; and (5) grant such other and further relief as the Court deems just and appropriate.

Respectfully submitted,

_______________________
**Nakisha J. Lewis**
Plaintiff, Pro Se

Date: 9/18/2026

## CERTIFICATE OF SERVICE

I, Nakisha J. Lewis, certify that on Sept. 18, 2026, 2026, I served a true and correct copy of the foregoing Plaintiff's Opposition to Defendant Ralph D. Lewis's Motion to Dismiss and, in the Alternative, Request for Leave to Amend upon counsel for Defendant in accordance with the Federal Rules of Civil Procedure and the applicable rules and procedures of this Court.

**Nakisha J. Lewis**
Plaintiff, Pro Se

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**NAKISHA J. LEWIS,**
Plaintiff,

v.

**DETECTIVE RALPH D. LEWIS, et al.,**
Defendants.

**Civil Action No. 2:26-cv-05545-MAK**

**PROPOSED ORDER**

AND NOW, this ______ day of __________________, 2026, upon consideration of Defendant Ralph D. Lewis's Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), Plaintiff's Opposition thereto, and the record, it is hereby ORDERED that Defendant Ralph D. Lewis's Motion to Dismiss is **DENIED**.

Alternatively, to the extent the Court determines that any claim against Defendant Ralph D. Lewis is insufficiently pleaded, any such claim is **DISMISSED WITHOUT PREJUDICE**, and Plaintiff is granted leave pursuant to Federal Rule of Civil Procedure 15(a)(2) to file an Amended Complaint within ______ days of the date of this Order.

BY THE COURT:

__________________________________

MARK A. KEARNEY, J.