**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **NAKISHA J. LEWIS** | : | |
| **Plaintiff,** | : | **CIVIL ACTION** **No. 26-5545** |
| **v.** | : | |
| **DETECTIVE RALPH D. LEWIS, et al.,** | : | |
| **Defendants** | : | |

**ORDER**

AND NOW, this _________ day of _________________, 2026, upon consideration of Defendant City of Philadelphia's Motion to Dismiss, it is **HEREBY ORDERED** that the Motion is **GRANTED** and that the Amended Complaint is **DISMISSED** as to Defendant City of Philadelphia.

BY THE COURT:

______________________________
, J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **NAKISHA J. LEWIS** | : | |
| **Plaintiff,** | : | **CIVIL ACTION No. 26-5545** |
| **v.** | : | |
| **DETECTIVE RALPH D. LEWIS, et al.,** | : | |
| **Defendants** | : | |

**DEFENDANT CITY OF PHILADELPHIA'S**
**MOTION TO DISMISS PLAINTIFF'S**
**AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM**

Defendant City of Philadelphia hereby moves to dismiss the Amended Complaint against it for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). In support of this motion, Defendant incorporates the attached Memorandum of Law. Defendant respectfully requests this Court dismiss the claims asserted against it in accordance with the attached proposed order or grant such other relief it deems just.

This motion is exempt from the Court's meet and confer requirement because Plaintiff proceeds pro se. See J. Kearney Policies and Procedures, at 7.

Date: November 2, 2026

Respectfully submitted,

/s/ Andrew Pomager

Andrew Pomager
Div. Deputy City Solicitor
Pa. Attorney ID No. 324618
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5446 (phone)
215-683-5397 (fax)
andrew.pomager@phila.gov

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **NAKISHA J. LEWIS** | : | |
| **Plaintiff,** | : | **CIVIL ACTION No. 26-5545** |
| **v.** | : | |
| **DETECTIVE RALPH D. LEWIS, et al.,** | : | |
| **Defendants** | : | |

**MEMORANDUM IN SUPPORT OF DEFENDANT
CITY OF PHILADELPHIA'S MOTION TO DISMISS PLAINTIFF'S
AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM**

The Court should dismiss the Amended Complaint against Defendant City of Philadelphia because Plaintiff Nakisha J. Lewis has failed to state a claim against the City of Philadelphia.

## I. BACKGROUND

Plaintiff Nakisha J. Lewis's Amended Complaint contends that on February 14, 2023, Defendant Ralph D. Lewis, her husband at the time and an employee of the Philadelphia District Attorney's Office, submitted a Request for Information to his supervisors regarding her theft of a vehicle disputed in their divorce proceedings. See Amend. Compl. ¶¶ 1, 9 (ECF 31). Plaintiff claims when she and Defendant Lewis separated, they agreed she would retain possession of the vehicle, which she purchased as a gift for Defendant Lewis in the marriage. Id. ¶¶ 6-7. At some point, Plaintiff's boyfriend retitled the vehicle into Plaintiff's name, apparently without her knowledge or involvement. Id. ¶¶ 8, 12-13. Plaintiff explains she "did not forge or knowingly participate in any irregularity involving the title" but "her boyfriend was responsible" and "the auto tag business processed the transaction using expired or stolen notary seals." Id. ¶¶ 8, 12, 14. Plaintiff claims the Pennsylvania Office of Attorney General approved charges and a warrant

against her and although she explained the vehicle title discrepancy to investigators; however, they continued to pursue a prosecution against her and she was acquitted of the charges following a trial. Id. ¶¶ 22-23.

Plaintiff sues Defendants Lewis, the City of Philadelphia, and the Philadelphia District Attorney's Office. Id. ¶ 5. Regarding the City's involvement, Plaintiff alleges the City "through a policy/custom/practice of favoring employee-originated internal criminal referrals and failing to train or supervise against criminalizing marital/family property disputes, caused Plaintiff's injuries." Id. ¶ 33. Plaintiff cites two Philadelphia Police Department Directives in reference to this claim, 12.7 regarding Vehicle Theft Investigation and 12.11 regarding Complaint or Incident Report. Id. Plaintiff explains "[t]hese policies required police, detectives, and supervisors to distinguish bona fide criminal vehicle theft from family law or civil marital property disputes before approving criminal charges." Id. The PPD was dismissed from Plaintiff's complaint with prejudice in the Court's prior order granting Defendants' Motions to Dismiss. See Order, 9/29/26 (ECF 27). Plaintiff also alleges the City contributed to her malicious prosecution by causing "initiation and continuation of proceedings without probable cause or malice." Amend. Compl. ¶ 38 (ECF 31).

The claims are as follows: Count I asserts unreasonable seizure/false arrest under the Fourth Amendment against Defendant Lewis (id. ¶¶ 24-27); Count II and Count V both appear to assert malicious prosecution under the Fourth Amendment against all defendants (id. ¶¶ 28-31, 37-39); Count III asserts municipal liability against the City and the DAO (id. ¶¶ 32-33); Count IV asserts conspiracy against generally "Detectives, DAO supervisors, and OAG staff" (id. ¶¶ 34-36); Count V, if anything, asserts a state law malicious prosecution claim, given the elements and

caselaw referenced (id. at ¶¶ 22–23); Count VI asserts an intentional infliction of emotional distress claim against Defendant Lewis.

## II. ARGUMENT

A plaintiff cannot survive a motion to dismiss under Rule 12(b)(6) without stating a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Under this standard, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Put differently, while a court should accept the truth of a complaint's factual allegations, it should not credit a plaintiff's "bald assertions" or "legal conclusions." Anspach v. City of Philadelphia, 503 F.3d 256, 260 (3d Cir. 2007). "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Id. (quotation marks omitted).

### A. The Amended Complaint Must be Dismissed Because Plaintiff Fails to Plausibly Establish the Elements of a Monell Claim

A municipality, such as the City, cannot be held liable under § 1983 for its employees' constitutional torts by way of respondeat superior. McGreevy v. Stroup, 413 F.3d 359, 367 (3d Cir. 2005) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978)). Rather, under Monell, a municipality may be liable if the employee acted pursuant to a government policy or custom. Monell, 436 U.S. at 694. Plaintiff has not pleaded sufficient facts to allege that (1) a constitutionally protected right has been violated and (2) the alleged violation resulted from a municipal policy or custom that exhibits deliberate indifference to rights of citizens, and so her Amended Complaint against the City must be dismissed. See id.

In Wood v. Williams, the Third Circuit affirmed the dismissal of a Monell claim. 568 F. App'x 100, 102 (3d Cir. 2014). The plaintiff in Wood set forth a series of conclusory allegations

that "simply paraphrase[d]" the elements of Monell liability. Id. at 103–04. The Court held that such "conclusory and general" averments were "insufficient" and "fail[ed] to satisfy the rigorous standards of culpability and causation required to state a claim for municipal liability." Id. at 104 (citations and quotation marks omitted).

Averments that "amount to a mere recitation of the . . . elements required to bring forth a Monell claim . . . are insufficient to survive a motion to dismiss." Butler v. City of Philadelphia, No. 11-7891, 2013 WL 5842709, at *2 (E.D. Pa. Oct. 31, 2013). In Torres v. City of Allentown, the Court found dismissal appropriate where the plaintiff's complaint alleged that Allentown "did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct, and that this policy/custom exhibited deliberate indifference to her constitutional rights." No. 07-1934, 2008 WL 2600314, at *5 (E.D. Pa. June 30, 2008). The court viewed the complaint as insufficient, in that it "lack[ed] any specific factual allegations referencing the conduct, time, place, and persons responsible for any official municipal policy or custom" and that it "fail[ed] to specifically demonstrate how the training programs for the police officers [were] inadequate." Id.

Similarly, "establishing municipal liability on a failure to train claim under § 1983 is difficult." Reitz v. Cnty. of Bucks, 125 F.3d 139, 145 (3d Cir. 1997). Because a plaintiff will always be able to point to something more a municipality could have done, the standard of fault under this theory is high. City of Canton v. Harris, 489 U.S. 378, 391–92 (1989). "That a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on the city, for the officer's shortcomings may have resulted from factors other than a faulty training program." Id. at 390–91. Accordingly, the municipality's deficiency must be specifically identified, closely related to the ultimate injury, and amount to deliberate indifference to its inhabitants' constitutional rights. Id. at

391–92. It is not sufficient that a plaintiff can point "better or more training" that might have avoided the injury—such a claim can almost always be made. Id. at 391.

1. Plaintiff Fails to Allege a Constitutional Violation

In Counts II and V Plaintiff alleges a malicious prosecution claim, apparently under federal law and state law, respectively. "To succeed on such a claim, a plaintiff must show that a government official charged him without probable cause, leading to an unreasonable seizure of his person." Chiaverini v. City of Napoleon, Ohio, 602 U.S. 556, 558 (2024). The elements of the underlying tort of malicious prosecution include (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the person to justice; and (5) the plaintiff suffered a deprivation of liberty consistent with the concept of a seizure as a consequence of a legal proceeding. See Estate of Smith v. Marasco, 318 F.3d 497, 514 (3d Cir. 2003). A Pennsylvania state law malicious prosecution claim requires the same elements, except for the fifth. See Alleyne v. Pirrone, 18 A.3d 524, 540 (Pa. Commw. 2018).

In support of her malicious prosecution claim, Plaintiff has alleged Defendant Lewis, the City, and the DAO instituted the prosecution against her without probable cause, ignoring her claims that her boyfriend was the actor who changed the title of the vehicle. See Amend. Compl. ¶¶ 29-31, 38-39 (ECF 31). Plaintiff's own allegations refute the validity of her malicious prosecution claim because she concedes title "irregularities" occurred in the transfer, the title was a "duplicate," the notary seals used were "stolen or expired," her boyfriend effected the transfer to her benefit. See id. at ¶¶ 8, 12-14, 18-21, 30. Plaintiff herself explained she was in known and open possession of a vehicle which was subsequently improperly retitled and Defendant Lewis was aware of this irregularity as the vehicle was a gift to him despite being at the time in possession of Plaintiff.

Plaintiff pleads innocence, and pleads she had not known or consented to the criminal transfer. But probable cause is not a high bar and does not require officers to resolve or accept innocent explanations for criminal conduct. D.C. v. Wesby, 583 U.S. 48, 56–60 (2018). Moreover, officers may infer mens rea from circumstantial evidence, such as when an individual is in possession of the fruits of a forgery. See Carney v. Pennsauken Tp. Police Dep't, 2014 WL 1094532, at *6 (D.N.J. March 18, 2014) (citing Paff v. Kaltenback, 204 F.3d 425, 437 (3d Cir. 2000); Rodis v. City of San Francisco, 558 F.3d 964, 970 (9th Cir. 2009)).

Even if the Court finds a lack of probable cause has been adequately pleaded, it should still dismiss the underlying state malicious prosecution claim, Count V (to the extent it reads such a claim into the Amended Complaint), because—as the Court previously recognized—the City is immune under Pennsylvania law for such claims. See 42 Pa. Cons. Stat. Ann. §§ 8541, 8542, accord Opinion at 4–5, Sept. 29, 2026 (ECF 26).

2. Plaintiff's Alleged Constitutional Violation Did Not Result From a Municipal Policy or Custom That Exhibits Deliberate Indifference to Rights of Citizens

Where a plaintiff claims a municipal policy evinces a failure to train municipal employees, "liability under section 1983 requires a showing that the failure amounts to 'deliberate indifference' to the rights of persons with whom those employees with come into contact." Thomas v. Cumberland County, 749 F.3d 217, 222 (3rd Cir. 2014). Deliberate indifference is a high standard of fault, "requiring proof that a municipal actor disregarded a known or obvious consequence of his action." Bd. Of Cnty. Com'rs of Bryan County, Okl. v. Brown, 520 U.S. 397, 410 (1997). Normally, to sustain such a claim, a plaintiff must show a pattern of similar constitutional violations from untrained employees. See Connick v. Thompson, 563 U.S. 51, 62 (2011).

Plaintiff generally claims the City caused her injuries "through a policy/custom/practice of favoring employee-originated internal criminal referrals and failing to train or supervise against criminalizing marital/family property disputes." Amend. Compl. ¶ 33 (ECF 31). Plaintiff goes on to describe PPD Directives which caution against any bias in reporting issues which may relate to family disputes. Id. Plaintiff's allegation that the City "fail[ed] to train or supervise" is glaringly conclusory and nearly the same, insufficient pleading as in Torres. Plaintiff makes no attempt to provide proof of the necessary pattern of constitutional violations by untrained employees. See Connick, 563 U.S. at 62. Even if she did plead a pattern of violations, Plaintiff has failed to identify a non-conclusory deficiency, or anything different about police training, that would have resolved the issue here. If anything, her conclusory statement of police training insufficiency is refuted by her sole non-conclusory description of police directives, requiring investigators to be watchful for civil disputes. In addition, Plaintiff's prosecution was referred, apparently, to the OAG, a distinct entity from Ralph Lewis's employer, almost certainly to avoid the kind of favorable treatment that somehow gives rise to her municipal liability claim. Put differently, setting aside the conclusory aspects of her pleading, Plaintiff does not plausibly plead a municipal liability claim, but instead describes non-conclusory steps taken to avoid favoritism.

**III. CONCLUSION**

For all the foregoing reasons, the Court should dismiss Plaintiff's complaint against Defendant City of Philadelphia

Date: November 2, 2026

Respectfully submitted,

/s/ Andrew Pomager

Andrew Pomager
Div. Deputy City Solicitor
Pa. Attorney ID No. 324618
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5446 (phone)
215-683-5397 (fax)
andrew.pomager@phila.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **NAKISHA LEWIS** | : | |
| **Plaintiff,** | : | **CIVIL ACTION** |
| | : | **No. 26-5545** |
| **v.** | : | |
| **DETECTIVE RALPH D. LEWIS, et al.,** | : | |
| **Defendants** | : | |

**CERTIFICATE OF SERVICE**

I hereby certify that on the date below Defendant City of Philadelphia's Motion to Dismiss was filed via the Court's electronic filing system and is available for downloading.

Date: November 2, 2026

Respectfully submitted,

/s/ Andrew Pomager

Andrew Pomager
Div. Deputy City Solicitor
Pa. Attorney ID No. 324618
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5446 (phone)
215-683-5397 (fax)
andrew.pomager@phila.gov