**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

NAKISHA J. LEWIS,
Plaintiff,
v.
DETECTIVE RALPH D. LEWIS, individually and in his official capacity;
CITY OF PHILADELPHIA; and
PHILADELPHIA DISTRICT ATTORNEY'S OFFICE,
Defendants.

**Civil Action No. 2:26-cv-05545-MAK**

# PLAINTIFF'S OPPOSITION TO DEFENDANT DETECTIVE RALPH D. LEWIS'S MOTION TO DISMISS

Plaintiff Nakisha J. Lewis, pro se, respectfully submits this opposition to Defendant Lewis's Motion to Dismiss (ECF No. 34). Plaintiff's Amended Complaint alleges specific, non-conclusory facts—corroborated by a few pieces of documentary evidence (attached)—showing state action, material misrepresentation, municipal policy failure, and malice. For the reasons shown below, her complaint survives Rule 12(b)(6), Iqbal, and Twombly standards, and Defendant's motion should be denied in full.

## ARGUMENT

**I.** Plaintiff's Allegations Establish State Action and Material Misrepresentation

Detective Lewis's use of official government channels—through the DAO—and his misrepresentation of Plaintiff's marital status make his conduct actionable as "state action" for purposes of Section 1983. See Barna v. City of Perth Amboy, 42 F.3d 809, 816–17 (3d Cir. 1994); Groman v. Twp. of Manalapan, 47 F.3d 628, 638–39 (3d Cir. 1995); Screws v. United States, 325 U.S. 91, 111 (1945).

**II.** Detective Lewis Omitted Key Facts and Misrepresented the parties Marital Status.

Det. Lewis's official RFI to DAO omitted any reference to the marital property settlement and misrepresented Plaintiff as "ex-wife," when they were still married. This

omission/misrepresentation directly affected the way investigators and prosecutors assessed the dispute. Omitting exculpatory facts or materially misrepresenting the context of a complaint defeats probable cause and establishes a basis for Section 1983 liability. See Wilson v. Russo, 212 F.3d 781, 786–89 (3d Cir. 2000); Franks v. Delaware, 438 U.S. 154, 171–72 (1978).

**III.** Lawful Ownership Was Documented, confirmed by Lewis's Attorney, and Provided to Authorities

Exhibit B (Abel Law Group letter and property settlement agreement) proves Plaintiff was entitled by written, property settlement agreement ownership/possession of the Mustang. The agreement terms appear clearly on settlement pages 10-11. This evidence, ignored by Defendants, removes any colorable claim of theft or illegal intent. See Wilson, Halsey v. Pfeiffer, 750 F.3d 273, 297–99 (3d Cir. 2014).

**IV.** Authorities Ignored All Exculpatory Evidence and Selectively Prosecuted Plaintiff.

Plaintiff made full, good-faith disclosures to law enforcement. The record shows along with court transcripts of testimonies under oath that Plaintiff did not sign anyone else's name, as also the tag agency confirmed on record during trial. Despite this and all ownership documentation, authorities prosecuted only Plaintiff, refusing to reconsider the focus of their investigation despite what Plaintiff made them aware of and facts learned throughout the investigation. Their persistence in the face of this evidence is precisely the type of bad faith the Third Circuit condemns. See Halsey, supra; United States v. Armstrong, 517 U.S. 456, 464 (1996).

**V.** Municipal and Policy Failures Appear on the Record

The DAO's own interoffice memo (Exhibit A) shows supervisors recognized the personal/professional overlap and that review of the property dispute was not handled with the independence or scrutiny their own policies (PPD Directives, DAO screening) required—bolstering Plaintiff's Monell claim.

**VI.** Plaintiff's Pleading Surpasses the Required Standard and Should Proceed.

Plaintiff's case is pled with nonconclusory facts, material exhibits, and contextual detail. Qualified immunity and fact disputes are not grounds for dismissal at this stage. See Iqbal, Twombly.

**CONCLUSION**

For the reasons shown and those stated in the Amended Complaint, Defendant Detective Lewis's motion to dismiss should be denied. If and when further clarification or discovery is allowed,

Plaintiff requests leave to amend or to conduct targeted discovery as appropriate. Plaintiff respectfully asks the Court to deny Detective Lewis motion to dismiss with Prejudice.

Respectfully submitted,

Nakisha J. Lewis 11/3/2026

Plaintiff, Pro Se

# Exhibit A

# INTEROFFICE MEMORANDUM

**TO:** JUDGE C. TEMIN, FIRST ASSISTANT DISTRICT ATTORNEY

**FROM:** CLARKE BELJEAN, ADA

**SUBJECT:** COUNTY DET. RALPH LEWIS #115 REQUEST FOR INVESTIGATION

**DATE:** MARCH 27, 2023

**CC:** SGT. GERALD ROCKS

---

On February 14, 2023, County Detective Ralph Lewis #115 submitted a Request for Investigation ("RFI") to Sgt. Gerald Rocks and Sgt. Megan Lynch.

Det. Lewis requested an investigation into allegations that his ex-wife, Nakisha Joan Billa-Lewis, changed the title on his 1967 Ford Mustang into her name.

Because Det. Lewis is employed by the Philadelphia District Attorney's Office as a County Detective, I am recommending that this matter be referred to the Pennsylvania Attorney General's Office in order to avoid even the appearance of impropriety and a potential conflict of interest.

I am attaching the entire set of documents Det. Lewis included in the RFI to this memo.

**OFFICE OF ATTORNEY GENERAL, PA**
**CRIMINAL LAW DIVISION**

**Case #:** BCE230046

# INVESTIGATIVE REPORT

| | |
|---|---|
| **CASE # :** | BCE230046 |
| **SECTION / LOCATION :** | Criminal Prosecution-Norristown |
| **CASE TITLE :** | Billa-Lewis, NaKisha |
| **CASE STATUS :** | ACTIVE |
| **PRIMARY AGENT :** | SA Shawn Hughes |
| **PRIMARY ATTORNEY :** | SDAG Elo |
| **TYPE :** | Initial Report |
| **REPORT BY :** | SA Shawn Hughes |
| **PREPARED ON :** | 03-31-2023 |

**OTHER AGENTS / OFFICERS:**
N/A

**SYNOPSIS:**
Theft

**DETAILS:**
On March 30th, 2023, The Office of Attorney General (OAG) received a referral from the Philadelphia District Attorney's Office in reference to Det. Ralph Lewis, who is an employee of the office, and is alleging that his ex-wife, Nakisha Billa-Lewis, transferred the title of a vehicle registered in his name and without his permission transferred the vehicle into her name.

Det. Ralph Lewis prepared a memo to his supervisor stating in summary that since Sept. 10, 2018 he has been in the process of divorcing his wife, Nakisha Billa-Lewis and has moved out of their residence of 4316 Ashburner St Phila Pa 19136 where Ms. Billa-Lewis continues to resides with her boyfriend. Det. Lewis stated that he filed a title request with PennDot in reference to a Green 1967 Ford Mustang which was registered in his name and address of 4316 Ashburner St Phila Pa 19136. Upon receiving the title information back from PennDot it showed that the title had been changed showing that the vehicle is now in the name of his ex-wife, Nakisha Lewis. Det. Lewis also stated there was two PennDot forms showing his signature and also a handwritten note stating that he agreed to sell the 1967 Ford Mustang for $100.00 to Nakisha Lewis. Det. Lewis claims that the signatures are not his handwriting.

**INDEXES:**
Nakisha Billa-Lewis DOB 08-16-1977, Pa OLN 25050581, 4316 Ashburner St Phila Pa 19136.
Ralph Lewis DOB 10-14-1965, Pa OLN 21054717, 1809 N Sheridan St Phila Pa 19122.
1967 Ford Mustang Pa Tag C21019, Title#40105260 Owner Nakisha J Lewis 4316 Ashburner St Phila Pa 19136.

**ANTICIPATED ACTIONS:**
Discuss with SDAG Elo

*This document is the property of the Pennsylvania Office of Attorney General. Do not disseminate it or its contents outside the Office of Attorney General without the expressed consent of the originator.*

**OFFICE OF ATTORNEY GENERAL, PA**
**CRIMINAL LAW DIVISION**

**Case #:** BCE230046

**INVESTIGATIVE REPORT**

**ATTACHMENTS:**
BMV Ford Mustang Pa C21019
Clear Report Nakisha Lewis
Referral attached in MCIS

# Exhibit B

Dave to Roberto

*Law Offices of*

**THE ABEL LAW GROUP, P.C.**

1706 Race Street, Suite 402
Philadelphia, PA. 19103
215-988-1224 FAX 215-988-1228

October 18, 2019

**Regina Guerin, Esquire**
**613 West Avenue**
**Jenkintown, PA 19046**

**RE: Lewis Divorce (IN DIVORCE)**
**Our File No. 369-1241**

Dear Ms. Guerin:

Enclosed please find the following:
Interim Property Settlement Agreement.signed by Ralph;
Deferred Comp Value as of 9/10/2018, Ralph contributes $69 bi-weekly;
PFCU statement 9/19/30/2018;
2018 tax return with W-2; and
A list of the personal property that Ralph would like to get from the property.

It would go a long way towards keeping this somewhat amicable and resolve the case with out an ED hearing if you can arrange for him to get these items without any drama.

Should you have any questions, contact my office. Thank you.

Very truly yours,

**THE ABEL LAW GROUP, P.C.**

Ronald F. Abel, Esquire

RFA/hky
Enclosure

1. Lawn mower
2. 1969 Ford Mustang blue in color
3. 40 or more cast iron model car collection
4. Photos
5. Tools: saws, wrenches, drills, screwdrivers, buffer, and etc.
6. Car parts: covers, jacks,
7. Registration paper work for the 1969 Mustangs & motorcycle
8. Some clothing items
9. My social security card and birth certificate
10. Two safes with 5 to 6 boxes of 9mm rounds of ammo
11. Air compressor

Nationwide for approval and then to the Court for review. Wife shall bear the cost of preparation of the QDRO.

D. Bank Accounts & Taxable Investments/Insurance

Both parties agree that any and all bank accounts/investments of the parties have been distributed between the parties. Either party can maintain any life insurance policies in effect at the present time.

E. Wife Day Care Business

The parties agree that Wife created a day-care business during the marriage named WEECARE. Both parties agree that this businesses have been valued for purposes of the Agreement. Despite the lack of valuation of this business, Husband agrees to waive any and all interest he may have now or in the future in this business and it shall become Wife's sole and separate property. And, Wife agrees to indemnify Husband and hold him harmless for any and all claims/obligations that are associated with the business.

F. Automobiles

Both parties agree that each party shall retain the motor vehicle in his or her possession, free and clear of any right, title, claim or interest on the part of the other party. Any obligations on the car in either parties' possession, shall be the sole responsibility of the party in possession of the car until paid in full. Wife shall retain the 2013 Mercedes which is in

joint names but the note is in Wife's name and the Mercedes is in her possession. Wife shall retain the 2010 Land Rover and the 1967 Mustang. Husband agrees to transfer the title to Wife at the signing of this agreement any of the vehicles that are in joint names. Husband shall retain the following vehicles in his possession: Husband's 2004 Lincoln (which was recently in a car accident); Husband's 2005 Ford Excursion; Husband's 1999 Mustang; Husband's 1969 Mustang and Husband's Motor Cycle with a value of approximately $3,000.00. Both parties agree to indemnify and save harmless the other party for any and all claims or demands made against them by reason of the any and all debts for the vehicle in their possession. Each party is responsible for the insurance on the vehicles/bike in the possession from the date of this Agreement.

G. Wife's Inheritance

Both parties agree that Wife has received an inheritance from her Grandparents, which is a TRUST for the Grandparents home being held in favor or her children which was during the marriage and which is non-marital property. Both parties agree that Wife's inheritance of her Grandparents' home, which is being held in TRUST for her children, has not been valued for purposes of Equitable Distribution and either party may do so if he/she so chooses. Despite the lack of valuation of Wife's Inheritance, Husband agrees to release, remit and forever waive any claims he

## CERTIFICATE OF SERVICE

I, Nakisha J. Lewis, certify that I have served the foregoing Opposition of Motion to dismiss with Exhibits A and B upon all counsel by electronic mail and/or ECF on November 3, 2026.

Attached: Exhibit A: DAO Supervisor Memo;
Exhibit B: Abel Attorney Letter and pages 10-11 of Property Settlement Agreement

[signature] 11/3/26

Nakisha Lewis, nee Billa