**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **Nakisha J. Lewis** | : | |
| Plaintiff, | : | **Civil Action** |
| vs. | : | **No. 2:26-cv-5545** |
| **DETECTIVE Ralph D. Lewis, et al.,** | : | |
| Defendants. | : | |

**DEFENDANT PHILADELPHIA DISTRICT ATTORNEY'S OFFICE'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Defendant the Philadelphia District Attorney's Office ("DAO") hereby moves to dismiss the Amended Complaint against it for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). In support of this motion, Defendant incorporates the attached Memorandum of Law. Defendant respectfully requests this Court dismiss the claims asserted against them in accordance with the attached proposed order or grant other such relief it deems just.[1]

Date: November 9, 2026

Respectfully submitted,

*/s/ Armand J. Avila*
Armand J. Avila
Assistant District Attorney
Philadelphia District Attorney's Office

---

[1] This motion is exempt from the Court's meet and confer requirement because Plaintiff proceeds pro se. *See* J. Kearney Policies and Procedures, at 7.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **Nakisha J. Lewis** | : | |
| Plaintiff, | : | **Civil Action** |
| | : | |
| **vs.** | : | **No. 2:26-cv-5545** |
| | : | |
| **DETECTIVE Ralph D. Lewis, et al.,** | : | |
| Defendants. | : | |

**MEMORANDUM IN SUPPORT OF DEFENDANT DISTRICT ATTORNEY'S OFFICE'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Defendant Philadelphia District Attorney's Office (DAO), by and through undersigned counsel, submits this memorandum of law in support of their motion to dismiss the Plaintiff Nakisha J. Lewis' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court previously dismissed Plaintiff's original complaint and afforded her an opportunity to amend. But, as explained below, her Amended Complaint fails to plead any factual allegations that raise a cognizable claim for relief against the DAO. Further Amendment would be futile, so her claims should be dismissed with prejudice. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 114 (3d Cir. 2002).

## I. BACKGROUND[2]

Plaintiff Nakisha J. Lewis' Amended Complaint alleges that on February 14, 2023, Defendant Ralph D. Lewis, then employed as a detective in the Philadelphia District Attorney's Office, submitted a Request for Investigation (RFI) to his supervisors, incorrectly identifying Plaintiff as his "ex-wife" and alleging she had stolen a 1967 Ford Mustang that was involved in a marital property dispute in their ongoing divorce proceedings. \During their marriage, Plaintiff had purchased the car as a gift for Defendant Lewis, but a 2019 Interim Property Settlement Agreement (PSA) after their separation provided for her continued possession of it. *Id.* at ¶6, 7. At some point, Plaintiff alleges that Defendant Lewis transferred the car's title to her without her knowledge, leading to a fraudulent or otherwise duplicate title to the Mustang. *Id.* at ¶8, 12, 18.

On March 27, 2023, the Philadelphia DAO circulated a memo related to Defendant Lewis' RFI, and on March 30, 2023, the matter was referred to the Pennsylvania Office of the Attorney General (OAG) who then initiated an investigation of Plaintiff. *Id.* at ¶9, 12-14. Despite her cooperation and alleged exculpatory evidence, the OAG approved criminal charges against Plaintiff, leading to her voluntary arrest. *Id.* at ¶19-20, 22. After a trial, Plaintiff was acquitted of all charges, and the criminal records were later expunged. *Id.* at ¶23.

Plaintiff has now filed suit against defendants Ralph Lewis, the City of Philadelphia, and the Philadelphia DAO. *See generally* Amend. Compl.

---

[2] The facts set forth herein are derived from Plaintiffs' Complaint and public records, which this Court may consider in deciding the instant motion. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) ("In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaints, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents."). Courts have defined public records to include judicial opinions and criminal case dispositions. *See Logan v. Bd. of Educ. Sch. Dist. of Pittsburgh*, 742 F. App'x 628, 633 (3d Cir. 2018) (citation omitted).

## II. STANDARD OF REVIEW

The legal standard for a Rule 12(b)(6) motion is well established. Under that rule, the court must dismiss an action on a motion made before a responsive pleading is filed when the complaint "fails to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). To plead a viable cause of action, the allegations contained in a complaint must do more than put forward a "speculative" or "conceivable" claim; rather, they must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (discussing Fed.R.Civ.P. 8(a)(2)'s pleading requirements when attacked by a Rule 12(b)(6) motion). The court must disregard both "legal conclusions" and "conclusory statements" and must scrutinize the well-pleaded factual allegations to ensure that they are more than "merely consistent with a defendant's liability. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal marks omitted); *see also Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (disregarding "bald assertions" and "legal conclusions" in evaluating a motion to dismiss).

Rather than merely alleging a plaintiff's entitlement to relief, a complaint must show such entitlement through well-pleaded factual allegations. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (*citing Phillips v. County of Allegheny*, 515 F.3d 224, 234-35 (3d Cir. 2008)). "A plaintiff's obligation to provide the grounds of [its] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

## III. ARGUMENT

Plaintiff raises four federal claims against Defendant under 42 U.S.S. § 1983: (1) unreasonable search and seizure/false arrest; (2) malicious prosecution, (3) municipal liability, (4)

conspiracy among Defendants in her prosecution, and (4) malicious prosecution claims under federal and Pennsylvania law. *Id.* at ¶29-30, 33, 35, 38.[3]

Plaintiff's claims should be dismissed for several reasons. First, the DAO is not an entity that can be sued for the purposes of § 1983 liability. Second, Plaintiff has failed to state a claim for malicious prosecution, or for that matter, conspiracy to deprive her of her civil rights. Third, Plaintiff fails to establish a claim under *Monell*. Third, absolute prosecutorial immunity also shields all the DA defendants from liability for the alleged unconstitutional acts and deprivations complained of because they occurred during the performance of core prosecutorial functions. Because all of plaintiff's federal claims must be dismissed, her supplemental state law claims must also be dismissed.

**A. Plaintiff's claims against the District Attorney's Office fail as a matter of law.**

Any claim against the Philadelphia District Attorney's Office fails as a matter of law because a civil action may not be brought against a department or division of the City of Philadelphia, such as the District Attorney's Office. Pursuant to 53 P.S. § 16257:

> All bonds, contracts and obligations heretofore executed, judgments entered, claims filed, and suits now pending in the name of any department of said city, formerly having had a corporate existence, are declared to be good and valid, and to inure to the use of the city; but no such department shall be taken to have had, since the passage of the act to which this is a supplement, a separate corporate existence, and hereafter all suits growing out of their transactions, and all claims to be filed for removing nuisances, together with all bonds, contracts and obligations, hereafter to be entered into or received by the said departments, shall be in the name of the City of Philadelphia.

*See Estate of Tyler ex rel. Floyd v. Grossman*, 108 F.Supp.3d 279 (E.D. Pa. June 11, 2015) (citing *Reitz v. County of Bucks*, 125 F.3d 139, 148 (3d Cir. 1997) ("the Bucks County District

---

[3] Plaintiff also raises a claim of intentional infliction of emotional distress, but that claim only references Defendant Detective Lewis. Plaintiff does not invoke diversity jurisdiction and is presumably raising her state law claims under the Court's supplemental jurisdiction. 28 U.S.C. § 1367.

Attorney's Office is not an entity for purposes of § 1983 liability")); *see also Oyelakin v. Clerk of the Philadelphia Family Court*, Third Cir. No. 26-1009, F.App'x, *3 (3d Cir. September 16, 2026) ("[T]the District Attorney's Office is not an entity that can be sued under § 1983") (citing *Reitz*, 125 F.3d at 148); *Brinson v. City of Philadelphia*, No. 11-7479, 2012 WL 642057, at *2 (E.D. Pa. Feb. 28, 2012) ("The Philadelphia District Attorney's Office is not an appropriate defendant in this case . . . [because] [l]ocal prosecutorial offices are not legal entities separate from the local governments of which they are a part and, accordingly, may not be sued under § 1983"); *Domenech v. City of Philadelphia*, No. 06-1325, 2007 WL 172375, at *2 (E.D. Pa. Jan. 18, 2007) ("Plaintiff's § 1983 claims against the district attorney's office cannot stand because the [Philadelphia] District Attorney's office is not an entity that can be sued under [42] U.S.C. § 1983").[4] Plaintiff's Section 1983 claims against the DAO fail as a matter of law.

**B. Plaintiff has not satisfied *Monell*'s pleading requirements.**

Plaintiff asserts that the Philadelphia DAO should be subject to municipal liability under *Monell*. In order to state a claim against the DAO under *Monell*, Plaintiff must allege sufficient facts that a constitutional violation occurred. Specifically, to adequately plead a municipal liability claim under § 1983 against the DAO, Plaintiffs must allege sufficient facts to establish that (1) a constitutionally protected right has been violated; and (2) the alleged violation resulted from a municipal policy, custom or practice of deliberate indifference to rights of citizens. *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 694-95 (1978); *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990).

However, *Monell* requires Plaintiff to identify a *municipal* policymaker with final authority whose actions can be attributed to the City of Philadelphia. *Pownall v. Krasner, et al.*, 22-4191,

---

[4] *But see Sourovelis v. City of Philadelphia*, 103 F.Supp.3d 694, 709–13 (E.D. Pa. May 12, 2015).

2023 WL 3806354, at *10 (E.D. Pa. June 1, 2023) (McHugh, J.). The Philadelphia DAO, when training or supervising employees in the prosecution of crimes, is acting on behalf of the Commonwealth of Pennsylvania. *Id.* at *10 (extending the logic behind the Supreme Court's ruling in *Van de Kamp v. Goldstein*, 555 U.S. 335, 344-45 (2009). Therefore, conduct by the DAO cannot be imputed to the municipality of the City of Philadelphia, and accordingly, the DAO cannot be subject to liability under *Monell.*

### C. Plaintiff fails to state a claim for relief for malicious prosecution under § 1983 or Pennsylvania state law.

Regardless of whether the DAO can be sued under Section 1983, Plaintiff fails to establish a claim for malicious prosecution. To state a claim for malicious prosecution under the Fourth Amendment, a plaintiff in a Section 1983 action must allege facts showing that:

> (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in Plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the Plaintiff to justice; and (5) the Plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

*Kossler v. Crisanti*, 564 F.3d 181, 186 (3d Cir. 2009) (*en banc*) (quoting *Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003)) (abrogated on other grounds by *Thompson v. Clark*, 596 U.S. 36 (2022)). A Pennsylvania state law malicious prosecution claim requires the same elements, except for the fifth. *See Alleyne v. Pirrone*, 18 A.3d 524, 540 (Pa. Commw. 2018).

Here, Plaintiff fails to satisfy two elements. First, the Complaint fails to allege facts establishing that the DAO initiated criminal proceedings against Plaintiff without probable cause. "The Fourth Amendment forbids a state from detaining an individual unless the state actor reasonably believes that the individual has committed a crime—that is, the Fourth Amendment forbids a detention without probable cause." *Halsey v. Pfeiffer*, 750 F.3d 273, 291 (3d Cir. 2014). "Probable cause requires only that [the defendant] had concluded there was 'a probability or substantial

chance' of the criminal activity in question." *Wheeler v. Wheeler*, 639 Fed.Appx. 147, 150 (3d Cir. 2016) (quoting *United States v. Miknevich*, 638 F.3d 178, 185 (3d Cir. 2011)).

Plaintiff's Amended Complaint alleges that "prosecutors and officers ignored Plaintiff's disclosure, identifying [Defendant Ralph D. Lewis] as the person who actually caused the title application and disregarded the notary/tag evidence;" in doing so, the DAO continued prosecution with malice or reckless indifference to exculpatory evidence. Amend. Compl. ¶30 (ECF 31). It is worth noting that – as Plaintiff acknowledges – the investigation was referred to the Pennsylvania OAG very shortly after the DAO processed Detective Lewis' RFI, and it was the OAG that approved criminal charges against her. *Id.* at ¶9, 22. As such, the DAO did not actually facilitate the criminal investigation or prosecution.

Nevertheless, at the time of the investigation, Plaintiff possessed the Mustang that was improperly titled in her name. *Id.* at ¶12-14. Probable cause is not a high bar, and investigating officers were not required to take her her claims of innocence at face value, even uncontradicted, nor did they weaken any probable cause those officers had to investigate. *D.C. v. Wesby*, 583 U.S. 48, 67-68 (2018). This is especially the case where Plaintiff was in fact in possession of the Mustang which had an improper or seemingly fraudulent title in her name. The Amended Complaint fails to state any facts that establish the DAO lacked probable cause to continue its investigation of Plaintiff necessary to sustain a claim of malicious prosecution.

The Complaint also fails to establish that the DAO acted maliciously or for a purpose other than bringing Plaintiff to justice, which further and independently warrants dismissal. *See Ginter v. Skahill*, No. 04-2444, 2006 WL 3043083, at *8–9 (E.D. Pa. Oct. 27, 2006) (granting summary judgment for the Delaware County DA's Office on a malicious prosecution claim where the "[plaintiff] ha[d] produced no evidence that the District Attorney's office acted maliciously or for

anything other than bringing [plaintiff] to justice."), *aff'd*, 298 Fed.Appx. 161 (3d Cir. 2008). Nowhere in Plaintiff's Complaint does she allege that the DAO acted with any malice or ill-intent when criminal charges were authorized against her in 2023. Nor does she allege any facts that would imply or allow the court to infer such an intent.

Accordingly, because she fails to plead any facts establishing that the DAO acted without probable cause or that it acted with malice or any other purpose besides bringing her to justice, her malicious prosecution claim is meritless and must fail.

To the extent that Plaintiff's claims against the DAO for malicious prosecution fall under Pennsylvania state tort law, these are barred by the Pennsylvania Tort Claims Act ("PTCA"). The PTCA shields local agencies and municipalities from liability "for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person." 42 Pa. C.S.A. § 8541. The PTCA abrogates this immunity in nine circumstances, none of which apply here. *See* 42 Pa. C.S.A. § 8542(b) (abrogating immunity for acts involving vehicle liability; personal property; real property; trees, traffic controls and street lighting; utility service facilities; streets; side-walks; care, custody, or control of animals; and sexual abuse). And although individual employees may not claim immunity for intentional torts, *see id.* § 8550, the PTCA does not abrogate the immunity of municipalities or local agencies for such claims. *See*, e.g., *Williams v. City of Chester*, No. 14-4420, 2015 WL 224384, at *3 (E.D. Pa. Jan. 15, 2015) ("By its terms, the exception [for intentional torts] does not abrogate a municipality's grant of immunity set forth in § 8541."). Accordingly, the PTCA bars Plaintiff's state tort claim for malicious prosecution against the DAO, as these claims do not fall within any of the enumerated exceptions to the PTCA.

**D. Plaintiff fails to state a claim for conspiracy to deprive her of her civil rights under Section 1983.**

To prevail on a conspiracy claim under § 1983, "a plaintiff must prove that persons acting under color of state law "reached an understanding" to deprive [them] of [their] constitutional rights." *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 293–94 (3d Cir. 2018). Here, Plaintiff alleges that investigators, the DAO, and the OAG acted in concert to "cause her prosecution" by "using internal channels with full knowledge of exculpatory evidence." Amend. Compl. ¶35. Instead of alleging any intentional conspiracy to continue prosecuting Plaintiff in violation of her constitutional rights, Plaintiff instead cites only the exact referral procedures in place to prevent conflicts of interest or favoritism in prosecution for alleged crimes against employees of the DAO. *Id.* at ¶10-11, 24. Accordingly, Plaintiff's claim of a conspiracy to prosecute her in violation of her civil rights must fail and should be dismissed.

**E. The DAO is absolutely immune from Plaintiff's federal civil rights claims.**

Plaintiff's claims are also barred by prosecutorial immunity. It is well-settled that a prosecutor is entitled to absolute immunity from a civil suit for damages under § 1983 for any actions that are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *see also Whitfield v. City of Philadelphia, et al.*, 587 F.Supp.2d 657, 665 (E.D. Pa. 2008) ("[I]ndividual prosecutors are entitled to absolute immunity from Section 1983 liability for any action performed pursuant to their judicial or quasi-judicial function as advocates for the state."). A district attorney exercises a prosecutorial function when his or her actions "necessarily require legal knowledge and the exercise of related discretion." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009). Thus, the Supreme Court has held that a prosecutor is absolutely immune from suit for their conduct in "initiating a prosecution and in presenting the State's case," *Imbler*, 424 U.S. at 431, for preparing a warrant application and presenting evidence at a probable

cause hearing, *Burns v. Reed*, 500 U.S. 478, 492–93 (1991), "for eliciting false or defamatory testimony from witnesses or for making false or defamatory statements during, and related to, judicial proceedings," *Buckley v. Fitzsimmons*, 509 U.S. 259, 270 (1993), and for preparing and filing a bill of information and a motion for an arrest warrant, *Kalina v. Fletcher*, 522 U.S. 118 (1997). *See Gause v. Haile*, 559 F. App'x 196, 198 (3d Cir. 2014) ("[A] prosecutor is immune from damages in a § 1983 action for [his or her] initiation of a prosecution and presentation of a state's case.").

Here, Plaintiff alleges three claims under § 1983 against the Philadelphia DAO, for continuing the prosecution against her "with malice or reckless indifference to exculpatory evidence" and acting in concert with the Pennsylvania OAG to cause her prosecution. Amend. Compl. ¶30, 35, (ECF 31). Although the investigation of Plaintiff and charges against her were authorized by the Pennsylvania OAG due to the DAO's referral, authorizing criminal charges and related decisions and acts usually fall squarely within the DAO's prosecutorial functions. *See Clark v. Vernon*, 228 Fed.Appx. 128, 131 (3d Cir. 2007) ("Prosecutors sued for malicious prosecution under § 1983 enjoy absolute immunity for their conduct in 'initiating a prosecution and in presenting the State's case.'") (quoting *Imbler*, 424 U.S. at 431). Accordingly, these actions would have fallen within the DAO's prosecutorial functions. Plaintiff's claims are barred by prosecutorial immunity and must be dismissed.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff has failed to state a claim upon which relief can be granted. Defendants Philadelphia DAO respectfully request that Plaintiff's Amended Complaint against them be dismissed with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(6).

Respectfully Submitted,

*/s/ Armand J. Avila*
ARMAND J. AVILA
Assistant District Attorney
THOMAS GAETA
Supervisor, Civil Litigation Unit
Philadelphia District Attorney's Office
Three South Penn Square
Philadelphia, PA 19107
armand.avila@phila.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **Nakisha J. Lewis** | : | |
| Plaintiff, | : | **Civil Action** |
| **vs.** | : | **No. 2:26-cv-5545** |
| **DETECTIVE Ralph D. Lewis, et al.,** | : | |
| Defendants. | : | |

**ORDER**

AND NOW, this _________ day of __________________, 2026, upon consideration of Defendant Philadelphia District Attorney's Office's Motion to Dismiss for Failure to State a Claim and any response thereto, it is **HEREBY ORDERED** that the Motion is **GRANTED** and that the Complaint is **DISMISSED WITH PREJUDICE** as to Defendant Philadelphia DAO.

BY THE COURT:

______________________________

**MARK A. KEARNEY, J.**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| | : | |
| **Nakisha J. Lewis** | : | |
| Plaintiff, | : | **Civil Action** |
| | : | |
| **vs.** | : | **No. 2:26-cv-5545** |
| | : | |
| **DETECTIVE Ralph D. Lewis, et al.,** | : | |
| Defendants. | : | |
| | : | |

**CERTIFICATE OF SERVICE**

I certify that, on this date, I have served the foregoing on all parties via the Court's electronic filing system. I have also served a copy of the foregoing via United States Mail on:

Nakisha Lewis
4316 Ashburner Street
Philadelphia, PA 19136

*/s/ Armand J. Avila*
ARMAND J. AVILA
Assistant District Attorney
Civil Litigation Unit
Philadelphia District Attorney's Office
Three South Penn Square
Philadelphia, PA 19107
armand.avila@phila.gov

Date: November 9, 2026