IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**NAKISHA J. LEWIS,**
**Plaintiff,**
**v.**
**DETECTIVE RALPH D. LEWIS, individually and in his official capacity;**
**CITY OF PHILADELPHIA; and**
**PHILADELPHIA DISTRICT ATTORNEY'S OFFICE,**
**Defendants.**

**Civil Action No. 2:26-cv-05545-MAK**

# PLAINTIFF'S OPPOSITION TO DEFENDANT PHILADELPHIA DISTRICT ATTORNEY'S OFFICE'S MOTION TO DISMISS

Background

Plaintiff, Nakisha J. Lewis, pro se, respectfully opposes the DAO's Motion to Dismiss (Doc. 38). Plaintiff's Amended Complaint and attached exhibits set forth specific facts exposing policy failures, improper referral, conflict of interest, malice, and ongoing disregard for exculpatory evidence. The DAO's motion fails to address these and should be denied in full.

## I. DAO'S MOTION IGNORES CRUCIAL EXCULPATORY EVIDENCE AND KEY FACTS

- The DAO never addresses the interim property agreement (Exhibit B) awarding Plaintiff lawful ownership of the Mustang—confirmed by Defendant Detective Lewis's own divorce attorney.
- There was no divorce decree; the parties remained married during that time, making the dispute a live family court matter, not criminal. Divorce proceedings held off until criminal trial concluded.
- DAO's own interoffice memo (Exhibit A) shows the matter was handled as an official, conflict-laden employee referral, not via neutral screening.
- Testimony from the tag agency and Plaintiff's prompt, honest disclosure established that Plaintiff never forged, signed, or directed a forged document, and had no criminal intent in the matter.

As held in *Wilson v. Russo*, 212 F.3d 781, 789–91 (3d Cir. 2000), exculpatory evidence must be considered for probable cause. In *Halsey v. Pfeiffer*, 750 F.3d 273, 297–99 (3d Cir. 2014), malice and liability are shown where prosecution persists in deliberate ignorance.

**II. DAO AS GATEKEEPER: FAILING TO SCREEN, FAILING TO INVESTIGATE**

DAO is not absolved by having referred the case to OAG. Before any referral or prosecution, the DAO had a legal and policy responsibility to minimally check Plaintiff's marital and property status. DAO failed to even ask for a divorce decree or any relevant documents to be reviewed such as any agreement - the interim property settlement (see Exhibit B), which would have demonstrated the Mustang was rightfully Plaintiff's and the matter deemed civil, not criminal. This gatekeeper failure set the prosecution in motion. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 690–95 (1978); *City of Canton v. Harris*, 489 U.S. 378, 390 (1989).

**III. MALICE, INVESTIGATOR BIAS, AND PATTERN OF PERSONAL LOYALTY**

Plaintiff pleads that nearly every investigator or decisionmaker assigned to her prosecution—DAO, OAG, and detectives/investigators —was a personal friend, former co-worker, or close professional connection of Defendant Detective Lewis. This fostered a climate of deference to Detective Lewis's wishes and permitted malice, not impartial review, to dictate the investigation. Defendant Detective Lewis's motives were personal bitterness, desire to sway his divorce settlement, and to employ his influence to orchestrate Plaintiff's arrest and criminal prosecution. Under *Walker v. City of New York*, 974 F.2d 293, 299 (2d Cir. 1992), and *City of Canton*, such policy failures are actionable.

**IV. MUNICIPAL LIABILITY AND MONELL STANDARDS ARE MET**

DAO is liable for these institutional failures: they ratified the referral and rubber-stamped the case without the bare minimum of due diligence or legal investigation—even flagging the conflict of interest in their own memo (Exhibit A). DAO/City is, at minimum, a proper defendant where policy/custom/failure to train allowed this injustice. See *Sourovelis v. City of Philadelphia*, 103 F. Supp. 3d 694, 709–13 (E.D. Pa. 2015); *Owen v. City of Independence*, 445 U.S. 622, 657–58 (1980).

## V. DAO MOTION FAILS TO ADDRESS OR REBUT ANY EXCULPATORY EVIDENCE

DAO's brief omits all major facts and unrefuted documents; this is further deliberate indifference. The pattern throughout this matter was to ignore the true context, favor an internal employee's narrative, and let bias, not policy or evidence, control the process. See *Halsey*, *Wilson*.

## VI. THE LAW ALLOWS SUIT AGAINST MUNICIPALITIES AND THEIR AGENCIES FOR POLICY FAILURES

Federal law, as well as this District's precedent, specifically permit Section 1983 claims against the DAO and/or City for institutional policy failures or custom that create constitutional deprivation. See *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978); *Sourovelis*, 103 F.Supp.3d at 709–13; *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990).

## VII. FURTHER REVIEW OF THE TRIAL TRANSCRIPT WILL SUPPORT PLAINTIFF'S CLAIMS

Plaintiff further submits that, upon further review and once the full trial transcript is available, the factual record will coincide with and substantiate Plaintiff's allegations, including the testimony of investigators, attorneys, and relevant witnesses. The transcript will further confirm the exculpatory evidence, the absence of probable cause, and the actual civil nature of the underlying dispute. Plaintiff respectfully reserves the right to supplement the record when the transcript becomes available.

## VIII. REQUEST FOR LIBERAL CONSTRUCTION AND LEAVE TO AMEND

Should the Court find any allegations lacking in technical pleading, Plaintiff respectfully requests that her Complaint, exhibits, and this brief be construed as broadly as the law allows, and for leave to amend if necessary. See Grayson v. Mayview State Hospital, 293 F.3d 103, 108, 114 (3d Cir. 2002); Phillips v. County of Allegheny, 515 F.3d 224, 245 (3d Cir. 2008).

## CONCLUSION

For the above reasons, the DAO's motion should be denied. If the Court requires more fact

development, Plaintiff requests leave to amend or move to discovery stage. Plaintiff asks for a decision on the written record and attached Exhibits.

Respectfully submitted,

Nakisha J. Lewis
Plaintiff, Pro Se
11/9/2026

# Exhibit A

## INTEROFFICE MEMORANDUM

**TO:** JUDGE C. TEMIN, FIRST ASSISTANT DISTRICT ATTORNEY

**FROM:** CLARKE BELJEAN, ADA

**SUBJECT:** COUNTY DET. RALPH LEWIS #115 REQUEST FOR INVESTIGATION

**DATE:** MARCH 27, 2023

**CC:** SGT. GERALD ROCKS

---

On February 14, 2023, County Detective Ralph Lewis #115 submitted a Request for Investigation ("RFI") to Sgt. Gerald Rocks and Sgt. Megan Lynch.

Det. Lewis requested an investigation into allegations that his ex-wife, Nakisha Joan Billa-Lewis, changed the title on his 1967 Ford Mustang into her name.

Because Det. Lewis is employed by the Philadelphia District Attorney's Office as a County Detective, I am recommending that this matter be referred to the Pennsylvania Attorney General's Office in order to avoid even the appearance of impropriety and a potential conflict of interest.

I am attaching the entire set of documents Det. Lewis included in the RFI to this memo.

**OFFICE OF ATTORNEY GENERAL, PA**
**CRIMINAL LAW DIVISION**

**Case #:** BCE230046

# INVESTIGATIVE REPORT

| | |
|---|---|
| **CASE # :** | BCE230046 |
| **SECTION / LOCATION :** | Criminal Prosecution-Norristown |
| **CASE TITLE :** | Billa-Lewis, NaKisha |
| **CASE STATUS :** | ACTIVE |
| **PRIMARY AGENT :** | SA Shawn Hughes |
| **PRIMARY ATTORNEY :** | SDAG Elo |
| **TYPE :** | Initial Report |
| **REPORT BY :** | SA Shawn Hughes |
| **PREPARED ON :** | 03-31-2023 |

**OTHER AGENTS / OFFICERS:**
N/A

**SYNOPSIS:**
Theft

**DETAILS:**
On March 30th, 2023, The Office of Attorney General (OAG) received a referral from the Philadelphia District Attorney's Office in reference to Det. Ralph Lewis, who is an employee of the office, and is alleging that his ex-wife, Nakisha Billa-Lewis, transferred the title of a vehicle registered in his name and without his permission transferred the vehicle into her name.

Det. Ralph Lewis prepared a memo to his supervisor stating in summary that since Sept. 10, 2018 he has been in the process of divorcing his wife, Nakisha Billa-Lewis and has moved out of their residence of 4316 Ashburner St Phila Pa 19136 where Ms. Billa-Lewis continues to resides with her boyfriend. Det. Lewis stated that he filed a title request with PennDot in reference to a Green 1967 Ford Mustang which was registered in his name and address of 4316 Ashburner St Phila Pa 19136. Upon receiving the title information back from PennDot it showed that the title had been changed showing that the vehicle is now in the name of his ex-wife, Nakisha Lewis. Det. Lewis also stated there was two PennDot forms showing his signature and also a handwritten note stating that he agreed to sell the 1967 Ford Mustang for $100.00 to Nakisha Lewis. Det. Lewis claims that the signatures are not his handwriting.

**INDEXES:**
Nakisha Billa-Lewis DOB 08-16-1977, Pa OLN 25050581, 4316 Ashburner St Phila Pa 19136.
Ralph Lewis DOB 10-14-1965, Pa OLN 21054717, 1809 N Sheridan St Phila Pa 19122.
1967 Ford Mustang Pa Tag C21019, Title#40105260 Owner Nakisha J Lewis 4316 Ashburner St Phila Pa 19136.

**ANTICIPATED ACTIONS:**
Discuss with SDAG Elo

*This document is the property of the Pennsylvania Office of Attorney General. Do not disseminate it or its contents outside the Office of Attorney General without the expressed consent of the originator.*
CLD-01 Rev. 07.2012
--- ***CONFIDENTIAL*** ---

OFFICE OF ATTORNEY GENERAL, PA
CRIMINAL LAW DIVISION

**Case #:** BCE230046

**INVESTIGATIVE REPORT**

**ATTACHMENTS:**
BMV Ford Mustang Pa C21019
Clear Report Nakisha Lewis
Referral attached in MCIS

# Exhibit B

Done to Rafadini

*Law Offices of*

**THE ABEL LAW GROUP, P.C.**

1706 Race Street, Suite 402
Philadelphia, PA. 19103
215-988-1224 FAX 215-988-1228

October 18, 2019

**Regina Guerin, Esquire**
**613 West Avenue**
**Jenkintown, PA 19046**

**RE:** **Lewis Divorce (IN DIVORCE)**
**Our File No. 369-1241**

Dear Ms. Guerin:

Enclosed please find the following:
Interim Property Settlement Agreement.signed by Ralph;
Deferred Comp Value as of 9/10/2018, Ralph contributes $69 bi-weekly;
PFCU statement 9/19/30/2018;
2018 tax return with W-2; and
A list of the personal property that Ralph would like to get from the property.

It would go a long way towards keeping this somewhat amicable and resolve the case with out an ED hearing if you can arrange for him to get these items without any drama.

Should you have any questions, contact my office. Thank you.

Very truly yours,

**THE ABEL LAW GROUP, P.C.**

Ronald F. Abel, Esquire

RFA/hky
Enclosure

1. Lawn mower
2. 1969 Ford Mustang blue in color
3. 40 or more cast iron model car collection
4. Photos
5. Tools: saws, wrenches, drills, screwdrivers, buffer, and etc.
6. Car parts: covers, jacks,
7. Registration paper work for the 1969 Mustangs & motorcycle
8. Some clothing items
9. My social security card and birth certificate
10. Two safes with 5 to 6 boxes of 9mm rounds of ammo
11. Air compressor

Nationwide for approval and then to the Court for review. Wife shall bear the cost of preparation of the QDRO.

D. <u>Bank Accounts & Taxable Investments/Insurance</u>

Both parties agree that any and all bank accounts/investments of the parties have been distributed between the parties. Either party can maintain any life insurance policies in effect at the present time.

E. <u>Wife Day Care Business</u>

The parties agree that Wife created a day-care business during the marriage named WEECARE. Both parties agree that this businesses have been valued for purposes of the Agreement. Despite the lack of valuation of this business, Husband agrees to waive any and all interest he may have now or in the future in this business and it shall become Wife's sole and separate property. And, Wife agrees to indemnify Husband and hold him harmless for any and all claims/obligations that are associated with the business.

F. <u>Automobiles</u>

Both parties agree that each party shall retain the motor vehicle in his or her possession, free and clear of any right, title, claim or interest on the part of the other party. Any obligations on the car in either parties' possession, shall be the sole responsibility of the party in possession of the car until paid in full. Wife shall retain the 2013 Mercedes which is in

joint names but the note is in Wife's name and the Mercedes is in her possession. Wife shall retain the 2010 Land Rover and the 1967 Mustang. Husband agrees to transfer the title to Wife at the signing of this agreement any of the vehicles that are in joint names. Husband shall retain the following vehicles in his possession: Husband's 2004 Lincoln (which was recently in a car accident); Husband's 2005 Ford Excursion; Husband's 1999 Mustang; Husband's 1969 Mustang and Husband's Motor Cycle with a value of approximately $3,000.00. Both parties agree to indemnify and save harmless the other party for any and all claims or demands made against them by reason of the any and all debts for the vehicle in their possession. Each party is responsible for the insurance on the vehicles/bike in the possession from the date of this Agreement.

G. Wife's Inheritance

Both parties agree that Wife has received an inheritance from her Grandparents, which is a TRUST for the Grandparents home being held in favor or her children which was during the marriage and which is non-marital property. Both parties agree that Wife's inheritance of her Grandparents' home, which is being held in TRUST for her children, has not been valued for purposes of Equitable Distribution and either party may do so if he/she so chooses. Despite the lack of valuation of Wife's Inheritance, Husband agrees to release, remit and forever waive any claims he

CERTIFICATE OF SERVICE

I, Nakisha J. Lewis, certify I have served this Opposition and all exhibits on all counsel of record by electronic mail and/or ECF on .

Attach:

- Exhibit A: DAO Interoffice Memo
- Exhibit B: Abel Law Group letter and interim property agreement (esp. pp. 10–11)

11/9/2026